# Renfro & Andrews v. Adams.

*Suit to recover Statutory Penalty for Failure to enter Satisfaction of Mortgage, after request, &c.*

1. *Partnership; what sufficient notice to.*—Notice, or request, to each of the members of a partnership, who are mortgagees, is not necessary to render them jointly liable to the aggrieved party, for the statutory penalty for failure to enter satisfaction of a mortgage; notice or request to one is notice or request to all.

2. *Mortgage; statutory penalty for failure to enter satisfaction. what not essential*

[Renfro & Andrews v. Adams.]

*to recovery of.*—It is not essential to the recovery of the statutory penalty for failure to enter satisfaction of a mortgage (Code, § 2223,) that the mortgagee's failure should have been wilful or intentional ; although not wilful or intentional if it resulted from mere inadvertence, inattention or indifference, the penalty is incurred.

*Quere.*—Whether physical or mental incapacity to comply with the request would not be a defense.

APPEAL from Lee Circuit Court.

Tried before Hon. JAMES E. COBB.

The appellee, William G. Adams, brought this action against the appellants, Renfro & Andrews, to recover the statutory penalty for their failure to enter satisfaction, on the record, of a mortgage made by him to them, for more than three months after the payment of the debt secured thereby, after demand, &c.

The complaint "claims of the defendants the sum of two hundred dollars due from defendants to plaintiff by reason of a failure on the part of the defendants, within three months after being requested by the plaintiff to enter satisfaction on the margin of the record of a certain mortgage executed by the plaintiff and his wife, Ida Adams, to defendant, on the 13th day of December, A. D. 1875, and recorded in book 'N,' in the Book of Records and Conveyances, p. 70, in the office of the judge of probate of Lee county, Alabama, conveying to defendants two large sorrel mare mules, one medium sized mouse colored mare mule named 'Tobe,' one medium sized mare mule named 'Nell,' one two-horse wagon, thimble-skeined, from the Indianapolis works, and one lot of land with two roomed cabin thereon, situated in the city of Opelika, described as follows : 'Lot number five (5) on R. H. Johnston's tract of land, section twelve (12), township nineteen (19), range twenty-six (26), to secure the payment of a certain promissory note for three hundred and twenty-five dollars, made by plaintiff and William Youngblood, bearing even date with said mortgage ; said defendants, being the mortgagees in said mortgage, having received full payment and satisfaction of the amount secured by the mortgage from plaintiff."

This complaint was demurred to, on the grounds, 1st. That said complaint showed no sufficient or legal cause of action. 2d. That said complaint does not aver that payment and satisfaction of said mortgage was made before request of satisfaction by plaintiff. 3d. Said complaint does not show, with sufficient certainty, the identity of said mortgage. These demurrers were overruled. The defendants then filed the following pleas : 1st. The general issue. 2d. That they had not failed in manner and form as alleged in the complaint. 3d. That the act of failure to enter satisfaction of

[Renfro & Andrews v. Adams.]

said mortgage on said record was by mere inadvertence and unintentional, and that it was left unsatisfied, if so at all, by mere mistake and accident. 4th. That plaintiff never requested satisfaction of said mortgage. 5th and 6th, were personal pleas by the defendants separately, that they had not been requested to enter satisfaction of the mortgage. A demurrer was interposed to the third plea, on the ground that it furnished no answer to the complaint; and to the fifth and sixth pleas, on the ground that they were an answer to only part of the complaint. These demurrers were sustained.

It was in evidence that no request had ever been made to Forney Renfro, one of the defendants, to satisfy the mortgage. There was evidence tending to show that the failure to satisfy the mortgage on the record, was not wilful or intentional, but a mere inadvertence, accident or mistake, and from no intention to refuse or fail to do so on the part of the defendants. It was shown that the plaintiff did request Joseph Andrews, one of the defendants and a member of the firm of Renfro & Andrews, to settle said mortgage on the records, and that said Andrews consented to do so in December, 1876, and again on the 14th day of April, 1877, and that on the 19th of that month the record was marked satisfied.

This was, in substance, all the evidence, and the defendants requested the following written charges: 1. That before the plaintiff can recover in this action, the jury must believe, from the evidence on the stand, that there was more than mere inadvertence to satisfy the record on the part of the mortgagee. 2. That if the jury believe, from the evidence, that the defendants failed to satisfy the mortgage on the record from a mere mistake, or accident, then they must find for the defendants. 3. The failure to satisfy the mortgage on the record, must be a wilful failure, or the verdict must be for the defendants. 4. The failure to satisfy the mortgage on the record, must be knowingly done, or the defendants are entitled to a verdict. 5. The failure to satisfy the mortgage must be such a failure as amounts to a refusal to satisfy, or the defendants are entitled to a verdict. The court refused to give each of said charges, and the defendants separately excepted. There was a verdict and judgment for the plaintiffs, and the defendants bring the case here by appeal, assigning as error the various rulings to which exceptions were reserved.

W. J. SAMFORD, for appellants.

J. R. DOWDELL, contra.

BRICKELL, C. J.—The action was brought to recover the penalty of two hundred dollars, which is imposed by § 2223 of the Code, upon any mortgagee who fails, on the request of the mortgagor, for three months, to enter on the record of the mortgage satisfaction thereof, after the payment of the mortgage debt.

Several objections to the complaint are made by demurrer, which we do not think are well taken. The facts necessary to support the action, are presented in an intelligible form and with clearness. The material questions seem to be, whether notice or a request to each of the mortgagees, who were partners, to enter satisfaction of the mortgage, was necessary to render them jointly liable for the penalty; and whether the failure to enter satisfaction must not have been wilful and intentional, before the penalty is incurred. These questions must be answered negatively.

The general rule resulting from the unity of a partnership, is, that when notice or a request is necessary to fix its liability, it may be given to the one, and is notice or request to all the partners.—*New York & Alabama Con. Co. v. Selma Savings Bank*, 51 Ala. 305.

The failure of the mortgagee, whether wilful, intentional, or merely negligent or inadvertent, subjects him to liability for the penalty. It is against his negligence or inadvertence, as well as his wilfulness, the statute intends to protect the mortgagor, or the party aggrieved. Whether there may not be circumstances which would relieve him from liability, such as his physical or mental inability to comply with the request, it is not necessary to consider. But when the failure is the result of mere inadvertence or inattention, or indifference, the penalty is incurred. The rulings of the circuit court were in accordance with these views, and its judgment is affirmed.