# Walker v. English *et al.*

|106  369|
|†120 209|

*Action to Recover Statutory Penalty.*

1.  *Action to recover statutory penalty for failure to enter satisfaction*

24

[Walker v. English *et al.*]

*on margin of mortgage record; plea presenting no defense.*—In an action to recover of a mortgagee the statutory penalty for the failure to enter satisfaction of a mortgage upon the margin of the record, the mortgage debt having been paid, (Code, § 1869), a plea which avers that the defendant did not "refuse to mark said mortgage satisfied, as requested by the plaintiff," presents no defense to the action and is demurrable; the statute giving the penalty for the *failure* of the mortgagee to enter satisfaction upon the margin of the record, and not for his *refusal* to enter satisfaction.

2. *Same; physical inability of the mortgagee to personally make the entry no defense.*—The fact that on account of physical inability the mortgagee is incapable of going to the place of the record of the mortgage and entering satisfaction thereon for the period of more than three months after being requested in writing to do so, and that so soon as he was able to travel, the entry was made, does not relieve him from liability to the penalty imposed by statute, (Code, § 1869), for failure to enter satisfaction upon the written request of the mortgagor upon the margin of the record of the mortgage, the mortgage debt having been paid, and constitutes no defense to an action brought to recover the statutory penalty.

3. *Amendments; filing additional pleas within the discretion of the court and not revisable on appeal.*—Filing additional pleas after issue is joined upon the pleas originally filed, and the trial is entered upon, is a matter within the discretion of the trial court, and the exercise of this discretion is not revisable on appeal.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. H. C. SPEAKE.

This action was brought by the appellees against the appellant, to recover the statutory penalty for a failure for three months, after written request, to mark a mortgage satisfied on the record. Among the several pleas which were filed by the defendant were the following: (3.) "The defendant denies that he refused to mark said mortgage satisfied, as requested by the plaintiff." (6.) "That defendant is a citizen of the State of Tennessee, and at the time notice was given him, he was physically unable to come to Huntsville, but did come as soon as he was able to travel, and mark said mortgage satisfied." The plaintiffs demurred to these two pleas, on the ground that they were "irrelevant, immaterial, and irresponsive, and the matters alleged therein, if true, constitute no defense to the action." These demurrers were sustained, to which ruling of the court the defendant duly excepted.

The rulings of the court upon the demurrers to these

[Walker v. English *et al.*]

two pleas present the only questions reviewed on the present appeal; and it is unnecessary to set out any facts of the case other than those stated in the opinion.

There was judgment for the plaintiff assessing his damages at $200. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

WILLIAM RICHARDSON, for appellant.—1. It is a well established principle of law that "No statute is to be interpreted, if avoidable, so as to be repugnant to reason and lead to inconvenience." In other words the law does not require the performance of an act unreasonable and impossible.—*Bell v. Wilkinson*, 65 Ala. 477; Potter's Dwarris on Statutes, 245-6; General Treatise on Statutes.—Dwarris—559, 552, 479, 480, 481, 416.

2. It is conceded that the failure of the mortgagee, whether willful, intentional or merely negligent or inadvertent to mark the record of the mortgage satisfied, subjects him to liability under section 1869.—*Renfro & Andrews v. Adams*, 62 Ala. 303.

3. The statute under consideration will be construed with reference to its subject matter and the object sought to be obtained, and in doing this such a construction will be given it as is most conformable to reason and justice.—23 Amer. & Eng. Encyc. of Law, 322, note 3, p. 358, note 1; *State v. Patterson*, 35 N. J. L. 196; *Oliver v. Walton*, 33 Miss. 114; *Bailey v. Com.* 11 Bush. 688; *Gibson v. Jenney*, 15 Mass. 205.

OSCAR R. HUNDLEY, *contra*.

BRICKELL, C. J.—The action in which the appellees, as mortgagors, were plaintiffs, was brought against the appellant as morgagee, to recover the penalty of two hundred dollars which is imposed by the statute, (Code, § 1869), upon a mortgagee who fails for three months after the request in writing of the mortgagor, to enter satisfaction upon the margin of the record of the mortgage, the mortgage debt having been paid.

The defendant filed several pleas, to two of which, the third and sixth, demurrers were sustained.

The third plea is a mere denial of the refusal of the defendant to enter the satisfaction. The complaint does

[Walker v. English *et al.*]

not count upon his refusal to enter the satisfaction, but upon his failure. The refusal involves more than the failure—the one is positive—the other may be negligent or inadvertent, and as was said in *Renfro v. Adams*, 62 Ala. 302: "The failure of the mortgagee, whether willful, intentional or inadvertent, subjects him to liability for the penalty. It is against his negligence or inadvertence, as well as his willful willfulness, the statute intends to protect the mortgagor, or the party aggrieved."

Giving to the sixth plea, the most favorable construction for the pleader, of which it admits, and the question it presents, is whether the physical inability of the mortgagee, rendering him incapable of going to the place of the record of the mortgage and making the entry of satisfaction for the period of more than three months after receiving the notice or request, and the making of the entry so soon as he was able to travel, relieves from liability to the penalty. If the physical inability had been averred to have been of a character or degree incapacitating the defendant for the transaction of business, or if it had been attended by mental inability, a different question would be presented. But this is not the character or degree of the inability averred. It is mere physical inability to travel, leaving the ability to transact business not requiring travel, and mental ability unimpaired. The appointment of an agent to enter the satisfaction of the mortgage could have been made, and the entry by him would have relieved the defendant from liability, satisfying the request of the plaintiffs. It is true, that after the demurrers were sustained, and pending the trial, the defendant proposed to file a plea averring his paralytic condition, and his consequent physical and mental incapacity for the transaction of business, which, if proved, would have been a complete defense to the action. The filing of the plea was matter of discretion in the court below, and the exercise of the discretion is not revisable on error.—3 Brick. Dig. 705, § 86.

There are several assignments of error, but the argument of counsel is directed exclusively to such as we have considered, and we regard the others as waived. Let the judgment be affirmed.