# Gay, Hardie & Co. v. Rogers.

*Action to Recover Statutory Penalty for Failure of Mortgagee to Enter Partial Payments on Record.*

1. *Pleading; when complaint is sufficiently definite*—The complaint in this action by a judgment creditor of a mortgagor against the mortgagee to recover the statutory penalty (Code, § 1868) for the latter's failure, on the request in writing of the plaintiff, to enter on the margin of the record the dates and amounts of the partial payments made on the mortgage, *held*, to be sufficiently definite.

2. *Statutory penalty for failure to enter on record partial payments on mortgage; constitutionality of.*—The statute (Code, § 1868) imposing a penalty on a mortgagee, or the assignee or transferee of a debt secured by mortgage, which is of record, for a failure to enter partial payments on the record, on the request in writing of the mortgagor, or of a judgment creditor, or other creditor of the mortgagor having a lien or other claim on the property mortgaged, or of a purchaser from the mortgagor, is constitutional.

3. *Admissibility of record book of mortgages, in action to recover statutory penalty for failure to enter partial payments on record.*—In an action to recover the statutory penalty for a failure, on request in writing, to enter on the record partial payments on a mortgage (Code, § 1868), the record book of mortgages, identified and verified by the clerk of the Probate Court, is competent evidence.

4. *Proof of recovery of judgment by trial docket and minutes of court.*—It is competent to show the recovery of a judgment by the trial docket and minutes of the court in which the judgment was entered up.

5. *Secondary proof of writings, on failure of party, after notice to do so, to produce the originals.*—Where the defendant was duly notified to

produce original papers in his possession, and failed to do so, other proof af them was admissible.

6. *Admissions by a party. as evidence; not necessary to introduce entire record of case in which they were made.*—It is not incumbent on a plaintiff, in offering relevant and material admissions made by defendant, in answer to interrogatories filed to him in another case, to introduce in evidence the whole record in that case.

APPEAL from the Circuit Court of Montgomery.

Tried before JOHN G. WINTER, ESQ., Special Judge.

This was an action brought, February 16th, 1895, by Charlotte Thompson Rogers, the appellee, against Gay, Hardie & Co., the appellants. The complaint was as follows : "The plaintiff claims of the defendants the sum of two hundred dollars for this : That whereas, heretofore, towit, on the 12th day of December, 1891, one J. D. Brooks executed and delivered to defendants a mortgage on certain real and personal property therein described, which said mortgage was recorded in Book 115, on page 39, of Mortgage Records, in the office of the judge of probate of Montgomery county, Alabama. And plaintiff avers that at the January term of the circuit court of Montgomery county, 1892, she recovered a judgment against the said J. D. Brooks for $2,376 and costs, and had the said judgment recorded in Book 1, on page 51, of Records of Judgments, in the office of the judge of probate of Montgomery county, Alabama, on the 3d day of February, 1892, and said judgment is still unpaid. And plaintiff avers that defendants have received many partial payments on the said mortgage, and that on the 16th day of January, 1895, she requested the said mortgagees, the defendants, in writing, to enter on the margin of the record of the said mortgage the dates and amounts of all such partial payments as they had received. And plaintiff further avers that defendants failed for thirty days after receiving said request to enter all partial payments on the margin of the record of said mortgage, and that, by reason of such failure and omission on the part of defendants, they have forfeited to the plaintiff the sum of two hundred dollars, wherefore she brings this suit." To this complaint the defendant demurred upon the following grounds : "(1) That said complaint does not show the kind of property or describe the property on which they claim a lien ; (2) that said act is unconstitu-

40

tional, as it deprives a man of property without due process of law." This demurrer was overruled, and the defendants filed pleas.

On the trial of the cause, as the bill of exceptions recites, the plaintiff offered in evidence a large volume, which was marked on the back, "Record of Mortgages, No. 115, Montgomery County," and, in connection with said book, introduced as a witness one David Allen, who was shown to be a clerk in the office of the judge of probate, and who testified that the book was one of the books kept in the office of the judge of probate of Montgomery county, in which mortgages were recorded ; and, in connection with the offer of said book, plaintiff's attorney testified that he had made a written demand on defendant to produce at the trial of this cause the original mortgage, on the margin of the record of which the plaintiff had notified them to enter the record of the partial payments, and the defendants had refused to produce said mortgage. The plaintiff then offered to introduce before the jury certain pages of this book, on which were purported to be copied a mortgage from J, D. Brooks to Gay, Hardie & Co., which was the mortgage referred to in this suit. The defendants objected to the introduction of said book, or any pages thereof, on the ground "that the original records of the probate court cannot be taken from the office, where they belong, and introduced as evidence in another court," and on the further grounds that said record was not verified, because the witness Allen testified that the record of the mortgage was not made by him and that he did not know by whom it was made, and that the contents of the record of the probate court cannot be proved, except by a certified transcript thereof under the seal of the court, The court overruled this objection and admitted said pages of the record book to be introduced in evidence, and submitted to the jury as evidence, and to this action of the court the defendants duly excepted. The indorsements on the margin of said pages of said book, purporting to be a record of the mortgage referred to in this suit, are as follows : "This mortgage is entitled to the following credits : December 17, 1893, by $8.41 ; January 3, 1893, $28.45 ; January 17, 1893, $620.60. Gay, Hardie & Co." The plaintiff then introduced a book containing the minutes of the circuit

[Gay, Hardie & Co. v. Rogers.]

court of Montgomery county for the January term, 1892, and offered as evidence the judgment entry therein in the case of Charlotte Thompson Rogers against J. D. Brooks, in which the plaintiff in that suit recovered a judgment against said Brooks for $2,376, together with the costs of the suit. The defendants objected to the same because it was not the proper method of proving the facts recited therein. This objection of the defendants was overruled, and the minute entry was admitted in evidence, and to this action of the court the defendants duly excepted. The plaintiff offered in evidence a letter-press copy of a paper which was in words and figures as follows: "January 16, 1895. Gay, Hardie & Co., Montgomery, Ala.—Dear Sirs: Please satisfy in full or enter the amount and date of all partial payments on a mortgage given by J. D. Brooks to you on the 12th day of December, 1891, on the margin of the record of the said mortgage. [Signed] Charlotte Thompson Rogers, by Lorlys Elton Rogers." In connection with the offer of this letter-press copy, the plaintiff introduced a witness who testified that he made the copy, and that he delivered the original to Mr. B. Hardie, one of the defendants, and that this copy was a true copy of the original; and the plaintiff also proved that written demand had been made upon the defendants to produce the original of said notice on the trial of this cause, and that they had failed to do so. The defendants objected to the introduction in evidence of said paper, because it was not the notice or demand required by law to be given, and because it failed to show under what claim of right the plaintiff made such demand. The court overruled each of these objections, allowed the paper to be introduced in evidence, and to this action of the court the defendants duly excepted.

The defendants introduced as a witness Bradford Hardie, one of the defendants, and he testified that he had placed on the margin of the record of the mortgage given by J. D. Brooks to Gay, Hardie & Co. all of the credits to which it was entitled, and that, at the time plaintiff made the demand on him to enter the credits on said mortgage, all of the property conveyed therein had been sold under the mortgage, or taken under execution by the plaintiff in this case. The plaintiff then handed to the witness a paper which he identified as be-

[Gay, Hardie & Co. v. Rogers.]

ing the answers of himself and partners to interrogatories propounded to them in two former suits in the circuit court of Montgomery county, entitled "Gay, Hardie & Co. v. Lorain Rogers," and "Gay, Hardie & Co. v. Charlotte Thompson Rogers." Thereupon the plaintiff offered to introduce said paper in evidence, and the defendants objected thereto on the ground that such evidence was illegal and incompetent, as offered, and because the whole final record of the case should have been offered. The court overruled these objections, allowed the paper to be introduced in evidence, and to this action of the court the defendants duly excepted. These said answers set forth that Gay, Hardie & Co. had received on the mortgage of Brooks, which is the one referred to in the present suit, payments amounting to $2,200.

There were verdict and judgment for the plaintiff, and the defendants appeal.

DAVID T. BLAKEY, for appellants, cited Cooley on Constitutional Limitations, 437 ; *Louisville & Nashville R. Co. v. Baldwin*, 85 Ala. 627 ; *Sadler v. Langham*, 34 Ala. 311 ; *Grooms v. Hannon*, 59 Ala. 510.

HILL, ROQUEMORE & ROGERS, *contra*, cited 68 Ala. 126 ; 80 Ala. 45 ; 12 Am. & Eng. Encyc. of Law, 183 ; 1 Ala. 585 ; 65 Ala. 477.

COLEMAN, J.—The action was to recover the statutory penalty imposed upon a mortgagee for failing to enter on the margin of the record of the mortgage partial payments. The complaint states the cause of action with sufficient definiteness, and the demurrer on this ground to the complaint was properly overruled. *Williams v. Bowdin*, 68 Ala. 126. We are unable to discover any sound reason against the constitutionality of the statute. There is no law which requires a mortgagee to have his mortgage recorded. There are certain benefits and advantages to be derived by complying with the statute of registration. When a mortgagee avails himself of these provisions, and publishes to the world that he holds a lien upon the property of another, the debtor to this extent is injured in his credit, and ability to utilize his means. This he assumed in giving the mortgage.

[Gay, Hardie & Co. v. Rogers.]

When the lien or mortgage has been wholly or partially satisfied, by payments, fairness and justice to him demand that his credit be restored. The mortgagee having published to the world the existence of his lien or claim, when it has been removed, he owes, independent of the statute, a moral duty to his debtor to give the same publicity to the fact that the property of the debtor is no longer encumbered. The statute makes it a legal duty to perform a moral duty, and imposes a penalty if he fails to discharge this duty. *Scott v. Field*, 75 Ala. 422. The constitutionality of the act might be rested upon other grounds. The demurrer was properly overruled.

The appellants insist the court erred in admitting in evidence the record book of mortgages. It is urged that this book was introduced to prove the execution of the mortgage. An examination of the record, to which we are referred by the counter abstract, does not sustain the contention. The objection taken before the court was, "that original records of the probate court could not be taken from that office," and "that the record was not verified." The clerk of the probate court identified and verified that it was the record of mortgages. The record book was competent evidence in the case. *Steiner & Bro., v. Snow*, 80 Ala. 46 ; *Williams v. Bowdin, supra.*

We think it was competent to show the recovery of the judgment by the trial docket and minutes of the court in which the judgment was entered up. In some instances, before the final record of the judgment is entered, we do not see how otherwise a judgment could be established. The objection to the admission of the records were purely technical, and without merit; as was also the objection to the proof of the notice to enter the credits of the payments. In both instances the defendant was duly notified to produce the originals, that is the mortgage and the notice, at the trial, and having failed to do so, other proof was admissible.

We do not think the objections to the written admissions made by defendant, in answer to interrogatories filed to him in another case, well taken. The paper was identified, and that the answers were made was fully established, before the admissions were offered in evidence. They were relevant and material. The precise objection is that the whole record should have been of-

fered.   No doubt the defendant was entitled to have the
interrogatories introduced, and any other fact which
tended to qualify or explain the admissions, if he had
desired, or he was at liberty to explain them from the
stand.   We do not understand that he was deprived of
this right by any ruling of the court.   Deliberate admis-
sions of a party, material to the issue, voluntarily made,
are competent against him.

We find no error in the record.

Affirmed.