[Dittman Boot & Shoe Co. v. Mixon, *et al.*]

# Dittman Boot & Shoe Co. *v.* Mixon, *et al.*

*Action to recover the Statutory Penalty for failure of Mortgagee to enter Satisfaction of Mortgage on Record.*

1. *Statutory penalty for failure to enter satisfaction of mortgage on record; only one penalty recoverable* —For the failure of a mortgagee upon payment of the mortgage debt to enter satisfaction or payment on the record, upon the written request of the mortgagor, only one penalty, as provided by the statute (Code of 1896, § 1066; Code of 1886, § 1868), can be recovered, although there were several separate and distinct written demands made for the entry of such payment.

2. *Same; inadvertent failure to enter satisfaction subjects mortgagee to penalty.*—In order to recover the statutory penalty for failure to enter satisfaction of a mortgage upon the record thereof upon the written request of the mortgagor, after his payment of the mortgage debt, it is not necessary that such failure should have been willful or intentional, but if such failure resulted from mere inadvertence, inattention or indifference, the mortgagee is subject to the statutory penalty.

3. *Same; attachment can be sued out to enforce statutory penalty.*—An attachment can be sued out to enforce the penalty provided by statute for the failure to enter satisfaction of the mortgage debt upon the record of the mortgage after its payment and upon the written request of the mortgagor, if the grounds which authorize the issuance of the attachment exist in the particular case; such penalty being "a money demand" within the meaning of sub-division 2 of section 564 of the Code of 1896.

4. *Same; applicable to non-residents; no interference with interstate commerce.*—The statute imposing a penalty upon the mortgagee, who, after payment of the mortgage debt fails to enter satisfaction of the mortgage debt upon the written request of the mortgagor (Code of 1896, § 1066; Code of 1886, § 1868), is applicable to non-resident mortgagees who have recorded their mortgages in this State, and such statute is not unconstitutional on the ground that it interferes with interstate commerce.

5. *Attachments; amendment of affidavit* —An affidavit made preliminary to suing out a writ of attachment which avers that the defendant is "justly due" the plaintiff a certain amount speci-

[Dittman Boot & Shoe Co. v. Mixon, *et al.*]

fied therein, may be, under the authority of the statute (Code
of 1896, § 564), amended so as to describe the cause of action
as "a just demand" in the specific sum named, against the de-
fendant.

APPEAL from the Circuit Court of Marion.

Tried before the Hon. THOMAS R. ROULHAC.

This was a suit brought by the appellees, H. E. Mixon
and others, against the appellants, The George F. Ditt-
man Boot & Shoe Company, to recover the statutory
penalty for the failure of the defendant, after the pay-
ment of the mortgage debt, to enter satisfaction thereof
on the record of the mortgage after having been re-
quested in writing so to do.

The action was commenced by an attachment sued
out by the plaintiffs. The defendant was a foreign cor-
poration, and it was upon this ground that the attach-
ment was sued out. The original affidavit, made as pre-
liminary to the suing out of the writ of attachment, de-
scribed the demand sued for as "the sum of six hundred
dollars, which said amount is justly due, after allowing
all just offsets and discounts." The complaint, which
was subsequently filed, contained four counts. The first
count claimed $600 due the plaintiffs, for that the de-
fendant had refused, after three several written requests,
to mark upon the margin of the mortgage record the
partial payments and full satisfaction of the mortgage
debt which was due from the plaintiffs to the defendant.
The complaint was subsequently amended by striking
out the first count. The three remaining counts of the
complaint each claimed the statutory penalty of $200
for the failure of the defendant, as mortgagee, to enter
the fact of payment or satisfaction on the margin of the
record of the mortgage, after being requested in writing
to make such entry, and for the failure of the defendant
to enter the fact of several partial payments upon the
margin of the record of the mortgage as requested.
Subsequently, the affidavit was amended so as describe
the demand sued for as "a just demand" against
the defendant in the sum of six hundred dol-
lars, by three statutory penalties of two hun-
dred dollars each, which said amount and de-
mands are justly due, after allowing all just offsets

[Dittman Boot & Shoe Co. v. Mixon, *et al.*]

and discounts.'' The defendant moved to strike the amended affidavit from the file, upon the ground that the amendment is a departure from the cause of action as stated in the original affidavit, and because there is a total variance between the cause of action set forth in the original affidavit and the one set forth in the amended affidavit. This motion was overruled, and the defendant duly excepted. The other facts of the case, necessary to an understanding of the decision on the present appeal, are sufficiently stated in the opinion. The court instructed the jury that the plaintiffs could recover only one penalty. The defendant requested the court to give to the jury the general affirmative charge in its behalf, and duly excepted to the court's refusal to give said charge as asked. There were verdict and judgment for the plaintiffs. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

APPLING & McGUIRE, for appellant.—The statute is penal, and can have no extra-territorial effect.—18 Amer. & Eng. Encyc. of Law, 272. As against non-residents it would be an interference with interstate com. merce.—*Ware v. Hamilton Brown Shoe Co.*, 92 Ala. 145 ; *Robbins v. Taxing Dist.*, 120 U. S. 489 ; Anderson's Dic. of Law, 199 ; *Asher v. State*, 128 U. S. ; *McCulloch v. Mid*, 4 Wheat. (U. S.) 316.

Statutory penalty is not enforceable by attachment.— *Conley v. Blue*, 62 Ala. 77 ; *Wright v. Snedecor*, 46 Ala. 92.

The amended affidavit and complaint were a fatal departure.—*Hadley v. Bryars*, 58 Ala. 185 ; *Horton v. Miller*, 84 Ala. 537 ; *Beard v. Woodard*, 76 Ala. 317 ; *Semple v. Glenn*, 91 Ala. 182 ; *Flexner v. Dickerson*, 65 Ala. 129 ; *Mahon v. Smitherman*, 71 Ala. 563 ; *Williams v. Bowden*, 68 Ala. 126 ; *Ins. Co. v. DeJarnett*, 111 Ala. 257.

DANIEL COLLIER and W. C. DAVIS, *contra*.—Penal statutes are enforceable in Alabama against non-residents.—*Attrill v. Huntington*, 14 Amer. St. Rep. 344, and authorities cited. The penalty is enforceable by attachment.—*Hadley v. Bryars*, 58 Ala. 185 ; *Atkinson v. James*, 96 Ala. 214 ; Code of 1886, § 2998.

[Dittman Boot & Shoe Co. v. Mixon, *et al.*]

COLEMAN, J.—The appellees, residing in Marion county, Alabama, began suit by attachment against the appellant, a foreign corporation, to recover the statutory penalty imposed upon a mortgagee, who has been paid or satisfied, for failure to enter the fact of payment or satisfaction on the margin of the record of the mortgage, after being requested in writing to make such entry.— Code of 1896, § 1066. That the plaintiffs were mortgagors and defendant a mortgagee, that the debt was fully paid, and the mortgagee was requested in writing by the mortgagors to enter such payment or satisfaction and failed to comply with the request within the time provided by statute, is established by the evidence beyond all controversy and without conflict. Much of the argument of appellant's counsel is directed against the first count of the complaint, but the judgment entry shows, that the complaint was amended by striking out the first count. This left three separate counts, each claiming the statutory penalty of two hundred dollars, and each based upon a separate and additional notice and request. The court properly instructed the jury that only one penalty of two hundred dollars was recoverable, and such was the verdict of the jury. There is nothing to support the contention that plaintiffs sought to recover six hundred dollars.

In the case of *Walker v. English*, 106 Ala. 369, in which it appeared that the mortgagee was a citizen of Tennessee, the court reiterated the rule declared in *Renfro v. Adams*, 62 Ala. 302, "that the failure of the mortgagee [to enter satisfaction], whether willful, intentional or inadvertent, subjects him to liability for the penalty."

In the case of *Gay, Hardie & Co. v. Rogers*, 109 Ala. 624, the constitutionality of the act was sustained.

We can see no force in the argument that the statute interferes with interstate commerce. There is no law which requires a mortgagee to record his mortgage. There are certain benefits and advantages to be derived from a compliance with the statute of registration. If a mortgagee avails himself of these advantages, he assumes the legal responsibility of such a course. Having published to the world that he held a lien upon the property of the debtor, it is made his legal duty, upon the written

14

[Gravlee v. Lamkin.]

request of the mortgagor, to give equal publicity to the fact, when the lien has been discharged, and the legal duty is enforced by the imposition of a penalty by statute. There is nothing in that objection.

The amendment of the affidavit was justified by the statute which authorizes amendments of "any defect of form or substance in the affidavit, bond or attachment," etc.—Code of 1896, § 564. The cause of action as described in the complaint follows that described in the amended affidavit, upon which the attachment issued. The objection that there was a variance or departure is not well taken.

It is further insisted that the statute does not authorize the issuance of an attachment to recover a penalty. "Debt," in subdivision 1 of section 524 of the Code of 1896, may import only such demands as arise from contract, express or implied, but "any money demand" as used in subdivision 2 is much more comprehensive than debt, and includes all rightful claims, whether founded upon contract, tort, or penalties given by statute, and may be enforced by attachment when the amount is fixed or can be certainly ascertained.—*U. S. Rolling Stock Co. v. Clark*, 95 Ala. 322 : Bouvier's Dict., "Demand." There is no error in the record.

Affirmed.