# Ayres *v.* Craft *et al.*

*Action to recover Statutory Penalty for Failure to enter Partial Payments upon Record of Mortgage.*

1. *Statutory penalty for failure to enter partial payments on mortgage; when action cannot be maintained.*—Where an action is brought by a mortgagor against a mortgagee to recover the penalty prescribed by the statute (Code, § 1065) for the failure of the defendant for thirty days after request in writing to do so, to enter on the margin of the record of the mortgage the dates and amounts of partial payments on the debt secured by the mortgage, if the evidence shows that the partial payments made by the plaintiff on the mortgage amounted to a sum sufficient to fully satisfy said mortgage and that the same had been fully paid, the plaintiff cannot maintain the suit, and the defendant is entitled to judgment; since in such case the action should have been brought under section 1066 of the Code to recover the penalty for failure to enter full satisfaction of the mortgage indebtedness on the record.

APPEAL from the Circuit Court of Randolph.

Tried before the Hon. N. D. DENSON.

The facts of the case are sufficiently stated in the opinion.

OLIVER & OVERTON, for appellant.—The statute under which this action is prosecuted must be strictly construed, and cannot be extended by implication.—*Jarrett v. McCabe*, 75 Ala. 325; *Grooms v. Hannon*, 59 Ala. 510. The word partial, used in this statute, section 1065 of the Code of 1896, means less than the whole.—See Webster's Dictionary, Unabridged Edition, 1895, p. 1046. The only question for the Supreme Court to decide in this case is whether or not the circuit court erred in that part of its oral charge to the jury, excepted to by the appellees, and unless there was error in this charge the appellant is entited to a reversal of the judgment of the court granting the appellees a new trial.—*Winter v. Judkins*, 106 Ala. 259, and authorities there cited.

HENDERSON & ROWLAND, *contra.*

McCLELLAN, C. J.—Action of debt by Craft and others against Ayres to recover the penalty prescribed by section 1065 of the Code for the failure of a mortgagee for thirty days after request in writing so to do to enter on the margin of the record of the mortgage the dates and amounts of partial payments he has received on the debt secured by the mortgage. On the trial the evidence showed that plaintiffs had made partial payments to the defendant before requesting him to enter partial payments on the margin of the record, and that "defendant for thirty-one or two days after said request was made failed to enter such payments on the margin of said record." "There was further a tendency of the evidence to show that the partial payments made by plaintiffs on the mortgage amounted to a sum sufficient to fully satisfy said mortgage indebtedness." On the case thus presented the court charged the jury to find for the defendant if they believed from the evidence that, at the time the request was made on defendant to enter partial payments on the margin of the record, the mortgage indebtedness had been fully paid. There was verdict for the defendant; but on plaintiffs' motion a new trial was

[Ayres v. Craut, *et al.*]

granted by the court on the ground that it had erred in giving the charge just referred. to; and from the order granting a new trial the defendant prosecutes this appeal.

We think the court was right in the first instance in giving said charge, and wrong in its final conclusion that the charge was erroneous. Construing section 1065 of the Code in connection with section 1066, we hold that the former gives a right and remedy to the mortgagor against the mortgagee only in respect of the entry within *thirty days* on the margin of the record of payments which at the time of the request amount in the aggregate to less than the mortgage indebtedness, and that when the mortgagee has received, either in a lump sum or by the aggregation of two or more payments each in itself less than the debt, full satisfaction of the debt secured by the mortgage, the only right of the mortgagor is under section 1066 of the Code, to require the mortgagee to enter, not any partial payments but, the fact of full payment or satisfaction on the margin of the record within *two months* after a request in writing so to do is made. This we conceive to be the clear intent of the statutory provisions; and any other possible interpretation of the would result, when the mortgage has been paid off in full by an aggregation of partial payments, either in a denial of the right given by section 1066 to the mortgagor to have full satisfaction expressly entered, or in the infliction of double penalties upon the mortgagee; the mortgagor, in other words, would in such case have no right to an entry of full satisfaction or he would be entitled to have the dates and amounts of partial payments entered and also to have the fact of full payment or satisfaction, and if the mortgagor entered neither he would forfeit two hundred dollars as to each; and if he entered the fact of payment and satisfaction and thus fully conserved all the purposes of the statute, and failed to enter the dates and amounts of the partial payments which together constituted full satisfaction he would still forfeit two hundred dollars to the mortgagor though the protection to the latter intended by the statute had been fully accorded.

[Dantzler & Sons v. Swift Creek Mill Co.]

The judgment of the circuit court granting a new trial must therefore be reversed; and a judgment will be here entered overruling and denying plaintiffs' motion for a new trial.

Reversed and rendered.