# Drennen Motor Car Company *v.* Evans.

*Penalty for Failure to Satisfy Mortgage Record.*

(Decided April 22, 1915. 68 South. 303.)

1. *Mortgages; Satisfaction of Record; Venue.*—Although debt is the proper remedy to recover the penalty provided by section 4898, Code 1907, for a failure to satisfy the mortgage record, such action lying on an obligation that is payable in money only, and for a sum certain, yet the action is not one on contract which must be brought in the county of the mortgagee's residence as required by section 6110, Code 1907.

2. *Corporations; Penalty; Venue.*—Construing sections 6110 and 6112, Code 1907, it is held that an action to recover from a corporation the penalty prescribed by section 4898, Code 1907, must be brought in the county where the mortgage was recorded, since the cause of action could alone arise therein, and is local, and governed by the provisions that personal actions shall be brought in the county in which the acts or omissions occurred.

3. *Mortgages; Satisfaction; Defenses.*—The fact that the mortgagee was prevented by physical infirmity from entering satisfaction upon the record of the mortgage, constitutes no defense to an action to recover the penalty, for a failure to enter such satisfaction.

4. *Same.*—An action to recover the penalty prescribed by section 4898, Code 1907, cannot be defeated on the ground that about the time of the request, the plaintiff himself agreed to enter payment on the record; such agreement not occurring after the demand for satisfaction.

5. *Same; Evidence.*—The written request of the mortgagor to enter satisfaction of the mortgage is admissible in an action to recover the penalty prescribed for a failure to enter such satisfaction.

6. *Same.*—The mortgage book itself showing that satisfaction had not been entered on the margin of the record of the mortgage is admissible in an action to recover the penalty for a failure to satisfy the record.

APPEAL from Hale Law and Equity Court.

Heard before Hon. CHARLES E. WALLER.

Action by Ben S. Evans against the Drennen Motor Car Company to recover the penalty for failure to enter satisfaction of a mortgage upon the record. Judgment for plaintiff, and defendant appeals. Affirmed.

Transferred from the Court of Appeals under the act creating such court.

THOMAS E. KNIGHT, and J. L. DRENNEN, for appellant.

JOSEPH H. JAMES, and S. W. H. WILLIAMS, for appellee.

THOMAS, J.—The question of jurisdiction presented by this appeal is whether a suit should be brought for a statutory penalty under section 4898 of the Code of 1907, against the defendant corporation, in Hale county, where the mortgage was recorded, or in Jefferson county, appellant's place of business.

(1) By the terms of the act the failure for two months after written request, to enter satisfaction on the margin of the record of the mortgage forfeits to the party making the request $200 unless there is pending a suit in which the fact of satisfaction is contested. The statute contains the following provisions: "In construing this section, the right of action given  *  *  * shall be considered as a *personal right,* and shall not be lost or waived by a sale of the property covered by the mortgage  *  *  * before a demand was made for the satisfaction to be entered upon the record."

What then is the venue of a suit brought to enforce this "personal right?"

Appellant insists that since debt is the form of action appropriate in such cases, it is therefore governed by that part of section 6110 of the Code providing that "all actions on contracts, except as may be otherwise provided, must be brought in the county in which the defendant, or one of the defendants, resides, if such defendant has within the state a permanent residence," and by that part of section 6112 providing that "a foreign or domestic corporation may be sued in any county in which it does business by agent."

Chief Justice Collier, in *Blackburn v. Baker,* 7 Port. 290, said: "Whenever a statute gives a right to recover damages, which are ascertained by the act itself, an action of debt lies and is proper, if no specific remedy is provided.

And in *McKenzie v. Gibson,* 73 Ala. 205, Judge Stone declared that "the suit must be on the statute, and is in its nature an action of debt."

It was held in *Southern Car & Foundry Company v. Calhoun County,* 141 Ala. 250, 37 South. 425, "that debt is a form of action appropriate for recovery of statutory penalties." The authority on which this decision was rested was *Spence v. Thompson,* 11 Ala. 746, where Mr. Justice Goldthwaite says: "There is no discretion as to the sum to be recovered; * * * hence it appears there is no reason, growing out of the terms, which require an action on the case instead of debt."

Neither of these authorities intimates that such actions are founded "on contracts;" the holding is that the penalty being fixed by the statute, there is no necessity for *damages* to be recovered by "an action on the case instead of debt."

Every right of action for which debt has been held to be an "appropriate remedy" is not an action on the contract. The cause of action for the penalty for destroying or damaging trees is a tort, but, the penalty being fixed by statute, debt is an appropriate remedy for the recovery of the penalty under sections 6035-6038 of the Code of 1907. The general distinguishing features of the action of debt are: (1) That it lies only for the recovery of a sum certain, or readily reducible to a certainty from fixed data or agreement, or by operation of law; (2) that it lies on an obligation that is payable in money only.—*Wetumpka & C. R. R. Co. v. Hill & Lockett,* 7 Ala. 774; 13 Cyc. 406, 407.

It is immaterial whether the obligation arose by contract or by operation of the common law or of statute law, in what manner it was incurred, and by what it is evidenced; if it possesses the essential requisite of a foundation for the action, debt will lie.—13 Cyc. 408.

The statute makes the failure to satisfy the record "a personal right" of action, and fixes the amount of recovery at $200. Debt is the proper action to recover this statutory penalty, though the cause of action is in the wrongful failure, on proper notice, to satisfy the record of the mortgage, as required by the statute. The cause of action is ex delicto and not ex contractu. The distinction between the "action" and the "cause of action" is fully pointed out by Mr. Justice Mayfield in *Wynn, Administrator, v. Talladega County Bank,* 168 Ala. 469, 53 South. 228.

(2) In *Woof v. McGaugh,* 175 Ala. 299, 303, 57 South. 754, 755, Mr. Justice Sayre, discussing the question of waiver of venue, said: "If the cause of action could arise in one place only, then the action was local. * * * The rule of common law concerning jurisdiction in local causes was based upon the theory that

such actions, being in the nature of suits in rem, should be 'prosecuted where the thing on which they were founded was situated.' "

The Justice concludes the discussion with the words: "Inherently the action is personal; * * * its treatment as a local action, under the statutes, determines the territorial jurisdiction, the venue."

The suit was for trespass to realty.

In *Karthaus v. Nashville, Chattanooga & St. Louis Railway,* 140 Ala. 433, 37 South. 268, it was declared that action for trespass may be brought in the county in which the wrong was done.—*Hoge v. Herzberg,* 141 Ala. 439, 37 South. 591; *Judge v. Washburn,* 1 Ala. App. 470, 56 South. 2.

In *Staples v. Steed,* 167 Ala. 241, 52 South. 646, Ann. Cas. 1912A, 480, the suit was for damages for killing plaintiff's horse; the plea of the defendant's nonresidence was without merit. The venue in trover is where the conversion occurred (*Forbes v. Rogers,* 143 Ala. 208, 38 South. 843) ; and in detinue in any county where the property sued for may be found in the possession of the defendant (*Rand v. Gibson,* 109 Ala. 266, 19 South. 533). Each of these cases involved a cause of action ex delicto, and under section 6110 of the Code of 1907 the venue was declared to be in the county of the defendant's residence, "or in the county in which the act or omission complained of may have been done, or may have occurred."

The question of venue of the action for the recovery of the statutory penalty under section 4898 of the Code does not appear to have been passed on by the court. The cause of action is the failure to do an act required by the statute to be done in the county where the "mortgage or deed of trust" is recorded. As declared in *Woolf v. McGaugh, supra,* the "action was local." The omis-

sion could arise in only one place. The failure to satisfy the mortgage record was in Hale county, where the mortgage was recorded, and not in Jefferson county, where was the situs of appellant corporation. The mortgage record had given publicity and notice of the debt of appellee and its security on his lands; the statute required that the same notice or publicity be given of its payment or satisfaction.

Mr. Justice Somerville declared, in *Home Protection of North Alabama v. Richards & Son,* 74 Ala. 466, 470, that: "It is not clear that the framers of the Constitution had any reference to the venue of civil actions, in framing the clause of that instrument under consideration [section 240]. It is a general rule that no one has any vested right to any particular remedy or form of procedure, and that the matter of venue belongs to the procedure or remedy, and is no part of the right itself."

The question of venue is the place of procedure designated by the statute. It is declared in section 6112 of the Code of 1907 where certain suits for personal injuries must be brought against corporations, and where corporations *may be sued* on other causes of action than personal injuries. It is clear, however, that this section was not intended to declare the venue of all actions against corporations. It is necessary, then, that we consider this section with the other sections of the Code declaring venue. What, then, is the meaning of sections 6110 and 6112 as to the venue of actions, other than those for personal injuries, against domestic corporations? These statutes, when construed together, specifically declare the venue of all personal actions, other than those for personal injuries, against a domestic corporation, to be: (1) In the county of the residence or of the situs of the corporation; or (2)

in the county where such corporation does business by agent; or (3) in the county in which the act or omission complained of may have been done or may have occurred.—*Montg'y I. Works v. Eufaula Oil & Fert. Co.*, 110 Ala. 395, 20 South. 300; *Ala. West. R. Co. v. Wilson*, 1 Ala. App. 306, 55 South. 932.

The omission of appellant corporation to satisfy the record of the mortgage occurred in the county where the statute required that corporation to "enter the fact of payment or satisfaction on the margin of the record of the mortgage or deed of trust." It is the failure or omission to do an act in the county of the record that is penalized by the statute. It is not a question of intent or willful refusal.—*Walker v. English*, 106 Ala. 369, 17 South. 715; *Renfro v. Adams*, 62 Ala. 302; *Dittman B. & S. Co. v. Mixon*, 120 Ala. 207, 209, 24 South. 847; *Williams v. Hendricks*, 115 Ala. 277, 22 South. 439, 41 L. R. A. 650, 67 Am. St. Rep. 32. In *Dittman v. Mixon, supra,* the statute was held applicable to a nonresident corporation that may be attached for the penalty. In the case of *Walker v. English*, 106 Ala. 369, 17 South. 715, in which it appeared that the mortgagee was a citizen of Tennessee, Mr. Justice Coleman said: "The court reiterated the rule declared in *Renfro v. Adams*, 62 Ala. 302, that the failure of the mortgagee to enter satisfaction, whether willful, intentional, or inadvertent, subjects him to liability for the penalty."

Counsel for the appellant relies on the case of *Central of Georgia v. State of Georgia*, 104 Ga. 831, 31 S. E. 531, 42 L. R. A. 518. The justice writing the opinion says: The act complained of under the Georgia statutes "was a refusal to obey the order, and hence the action should have been brought where such *refusal took place.*"

It was the doing of a willful act, or the willful disregard of a duty, that was punished.

(3) In *Wilkie v. Chadwick,* 13 Wend. (N. Y.) 49, the defendant was served with process in the county where he lived, and the venue of the action for his failure to obey the process was in that county. The duty to attend court was dependent on a proper service of process upon him, and his default must have been "willful or intentional." If from a physical defect he was prevented from attending court, there was no breach of duty by his nonattendance as a witness. If he had mistaken his way to court, or was prevented by duress or imprisonment, or by insufficiency of time after service of process, he would not be in default. Under section 4898 of the Code, none of these good excuses would avail against his failure to enter satisfaction of a paid mortgage.—*Walker v. English, supra.* And there was no error in the court's sustaining the demurrer to defendant's special pleas as to venue, challenged by assignments of error from 1 to 11, inclusive.

(4-6) The twelfth and thirteenth assignments of error present for review the action of the court in sustaining demurrer to the fourth and sixth pleas in bar to the complaint as amended. The fourth plea alleges that: "About the time of the request of the plaintiff to the defendant to satisfy, etc., * * * the plaintiff agreed himself to enter payment on the record."

The plea is defective in not alleging such an agreement or estoppel after the demand for satisfaction of the record. The sixth plea merely avers a legal conclusion and was no answer to the complaint. The terms of the statute are specific, and provide for giving the same publicity of satisfaction or payment as was given of the debt and lien by the record of the mortgage.—*Dittman B. & S. Co. v. Mixon, supra.* It was competent

to introduce in evidence the request in writing of the mortgagor for satisfaction.—*Partridge v. Wilson*, 141 Ala. 164, 37 South. 441; *Pickett v. Frost*, 7 Ala. App. 433, 61 South. 476. The mortgage book on which was recorded the mortgage in question was competent to show that on the margin of the record of the mortgage there was no entry of the fact of payment or satisfaction.—*Loeb v. Huddleston*, 105 Ala. 257, 16 South. 714. If a transcript of the record was sufficient, there was no error in admitting the original record.—*Campbell v. Hughes*, 155 Ala. 598, 47 South. 45; *Stebbins v. Duncan*, 108 U. S. 32, 2 Sup. Ct. 313, 27 L. Ed. 641.

It follows from the foregoing that there was no error of the court in refusing appellant's written charges 1, 2, 3, 4, 5, and 7.

The judgment of the lower court is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.