# Peterman *v.* Southern Cotton Oil Co.

### Assumpsit.

(Decided January 30, 1917. 73 South. 991.)

1. **Evidence; Best and Secondary; Creditor.**—Where one defends on the ground that he is a surety, and has given notice under § 5396, Code 1907, to the creditor by letter sent by mail to bring suit against the principal, the written notice is not collateral matter, but is the very foundaion of defendant's plea, and evidence of the contents of the letter, without notice to defendant to produce it, is not admissible.

[Peterman v. Southern Cotton Oil Co.]

2. **Appeal and Error; Review; Discretion.**—Where the trial court excluded certain evidence, its refusal to suspend the trial to wait for further evidence is a matter within the discretion of the trial court, and will not be reviewed.

3. **Evidence; Best and Secondary; Predicate.**—Where notice is the foundation of defendant's plea, and this notice was given by letter sent by mail, the contents of the letter cannot be shown without notice to defendant to produce it; and this is true although the letter is shown to have been in the hands of the adverse party.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Assumpsit by the Southern Cotton Oil Company against N. T. Eldridge and another. From a judgment for plaintiff, defendant Peterman appeals. Affirmed.

Peterman set up the fact that N. T. Eldridge was the principal debtor on the note sued on, and that, when the note matured, he notified the payee in person and by letter that he was not liable on said note, and to make his money out of said Eldridge, and that at that time Eldridge had money, propertly, and effects out of which the payee could have made the amount of said notes, etc.

R. P. COLEMAN, for appellant. LEE & TOMPKINS, for appellee.

BROWN, J.—The statute (Code 1907, § 5396) provides that: "A surety upon any contract for the payment of money, or * * * delivery of personal property, may require the creditor, or any one having the beneficial interest in the contract by notice in writing to bring suit thereon against the principal debtor, or against any cosurety to such contract; and if suit is not brought thereon, pursuant to such notice, to the first court to which suit can be brought after the receipt of such notice, and prosecuted with diligence according to the ordinary course of law, the surety giving such notice is discharged from * * * liability," etc.

One of the defenses interposed by the appellant was that he gave the plaintiff notice under this statute before this suit was brought to sue the principal on the note, and that the plaintiff did not sue pursuant to such notice.

(1) The notice is alleged to have been embodied in a letter written to the plaintiff and sent to it through the United States

[Thomas v. Shows.]

mail, and, without notice to produce the letter, the defendant offered to prove its contents, and the action of the court in refusing to allow this proof is the only matter urged by appellant on this appeal. The contention made is that the contents of the letter was collateral matter not requiring the best evidence, but this contention cannot be sustained. The written notice was the very foundation of the defendant's plea, just as much so as the note was the foundation of the plaintiff's complaint, and the defendant was not entitled to offer secondary evidence of the contents of the letter in the absence to produce the original, or a showing that it was lost or out of the jurisdiction of the court.—*Gray v. Rogers,* 109 Ala. 624, 20 South. 37; *Potts v. Coleman,* 86 Ala. 94, 5 South. 780; *Phoenix Co. v. McAuthor,* 116 Ala. 659, 22 South. 903, 67 Am. St. Rep. 154; *O'Neal v. McKinna,* 116 Ala. 606, 22 South. 905; *Crenshaw County v. Sikes,* 113 Ala. 626, 21 South. 135; *McCormick & Richardson v. Joseph & Anderson,* 83 Ala. 401, 3 South. 796. And this is true though the letter is shown to have been in the hands of the adverse party.—*Gray v. Rogers, supra; Railway Co. v. Davis,* 91 Ala. 621, 8 South. 349.

(2) The refusal of the trial court to suspend the trial was a matter of discretion that will not be reviewed.

We find no error in the record, and the judgment is affirmed. Affirmed.