(75 South. 642)

J. A. FAY & EGAN CO. v. SOUTHERN NOVELTY .WORKS. (1 Div. 178.)

(Court of Appeals of Alabama. May 15, 1917.)

1. VENDOR AND PURCHASER ☞267—VENDOR'S LIEN—FAILURE TO SATISFY—PENALTY.

Under Code 1907, § 4900, providing the penalty against a lienholder for failure to enter satisfaction after request therefor, the duty is to make the entry at the place where the mortgage or lien is recorded, regardless of where the lienholder may be.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 751–758.]

2. VENDOR AND PURCHASER ☞267—VENDOR'S LIEN—FAILURE TO SATISFY—PENALTY.

Under Code 1907, § 4900, a request to enter satisfaction of lien in words, "we hereby request you to cancel of record that certain vendor's lien retained by you in that certain contract dated February 6, 1914, and recorded March 5, 1914, in Misc. Book 5, pages 535, 536, Probate Records, Mobile County, Alabama," is sufficient.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 751–758.]

3. VENDOR AND PURCHASER ☞267—VENDOR'S LIEN—FAILURE TO SATISFY—PENALTY.

In action for penalty for failure to enter satisfaction of vendor's lien, it is not incumbent on plaintiff to negative institution or pendency of a suit involving payment or satisfaction of the indebtedness secured by the lien.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 751–758.]

Appeal from Law and Equity Court, Mobile County; Saffold Berney, Judge.

Action by the Southern Novelty Works against J. A. Fay & Egan Company. From the judgment rendered, the defendant appeals. Affirmed.

R. H. & R. M. Smith, of Mobile, for appellant. Lyons & Courtney, of Mobile, for appellee.

PER CURIAM. [1] While a request in writing to enter the fact of payment on the margin of the record of a mortgage or lien is essential to put in operation section 4900 of the Code, which provides a penalty against a lienholder for failing to enter such satisfaction after such request; yet the sine qua non of the cause of action is the failure of the lienholder to enter the fact of payment on the margin of the record. Code 1907, § 4900; Walker v. English, 106 Ala. 369, 17 South. 715; Ayres v. Craft, 128 Ala. 407, 29 South. 446.

The duty imposed by the statute on the lienholder is to enter upon the margin of the record the fact of payment or satisfaction; and hence the failure to make the entry occurs at the place where the law requires the record to be kept, no matter where the lienholder may be. Drennen Motor Car Co. v. Evans, 192 Ala. 150, 68 South. 303. This statute is a part of our system of laws for the protection of lienholders by providing for. the registration of mortgages and liens, making such registration notice of the existence of the lien; and the lienholder cannot obtain the benefit of these laws without assuming the legal responsibility the statutes impose. Dittman Boot & Shoe Co. v. Nixon, et al., 120 Ala. 206, 24 South. 847.

[2] The request to enter satisfaction of the lien was in these words: "We would thank you to have agreement canceled upon the record here [Mobile, Ala.], as is provided for under section 4900 of the Code of Alabama, year 1907, and therefore we hereby request you to cancel of record that certain vendor's lien retained by you in that certain contract dated February 6, 1914, and recorded March 5, 1914, in Misc. Book 5, pages 535, 536, Probate Records, Mobile County, Alabama"—and was a sufficient compliance with

---

the statute. Partridge v. Wilson, 141 Ala. 164, 37 South. 441.

The case of Jones v. Fidelity Loan & Trust Co., 7 S. D. 122, 63 N. W. 553, is not applicable here. That was an action against a mortgagee for failure to execute and deliver to the mortgagor "a certificate of discharge" under a statute providing:

"When any mortgage has been satisfied, the mortgagee or his assignee must, immediately on demand of the mortgagor, execute and deliver to him a certificate of the discharge thereof, and must, at the expenses of the mortgagor, acknowledge the execution thereof so as to entitle it to be recorded," etc.

[3] It was not incumbent on the plaintiff to negative the institution or pendency of a suit involving the payment or satisfaction of the indebtedness secured by the lien. This was defensive matter to be pleaded by the defendant.

The rulings of the trial court were free from error, and the judgment is affirmed.

Affirmed.