[Southern Railway Co. v. Taylor.]

# Southern Railway Co., *v.* Taylor.

*Action for Damages for Injury to a Horse.*

(Decided Nov. 15, 1906. 42 So. Rep. 625.)

1. *Railroads; Highway Crossings; Bridges; Defect; Liability.*—In an action for injuries caused to a horse by a defect in the bridge across the public road where the same approaches and crosses a railroad right of way and track, the failure to prove that the railroad had constructed the bridge did not defeat plaintiff's right of recovery as it is the railroad's duty to keep such bridges in repair.

2. *Same; Pleading; Proof; Variance.*—It is not a fatal variance not to prove the date of the injury exactly as alleged in the complaint.

3. *Appeal; Discretion of Trial Court; Review.*—Whether the court will put a party upon admission of a showing for an absent witness is discretionary with the court, and its action thereon cannot be reviewed on appeal.

4. *Evidence; Opinion Evidence; Expert; Competency.*—A witness is not competent to testify as to whether or not an injury to a horse could have caused its death, or, what in his opinion, was the cause of its death, where such witness is shown *to* have had considerable experience with horses, to have lived on a farm when a boy, and whose father was a horse trader.

5. *Trial; Instructions; Issue.*—It was not error to refuse to charge that there could be no recovery by reason of the death of the horse, in an action for injury to the horse rendering it valueless, the evidence showing that a short time after the injury, the horse died.

6. *Same; Assumption of Fact.*—A charge instructing the jury that there was no evidence that defendant's negligence caused the death of the horse requires the court to state that there was no evidence of a fact and is properly refused.

7. *Damages; Injury to Horse; Excessive Verdict.*—Where there was evidence placing the value of the horse at a price ranging from thirty-five to one hundred dollars, a verdict for seventy-five dollars was not excessive and will not be set aside as such.

APPEAL from Colbert Circuit Court.
Heard before HON. ED. B. ALMON.

[Southern Railway Co. v. Taylor.]

Action by David M. Taylor against the Southern Railway Company. From a judgment for plaintiff, defendant appeals.

This was an action for damages for injuries to a mare, which injuries, it is alleged, renderded her valueless. The injuries are alleged to have been caused by the defctive condition of a bridge across a public road, where the same approached and crossed defendant's right of way and track. The facts necessary to an understanding of the opinion are sufficiently stated therein. The witness Kirkland was introduced by the defendant, and, after testifying to certain facts, further testified that he had had considerable experience with horses, had lived on a farm when he was a boy, and that his father was a horse trader, whereupon the defendant propounded the following questions: "From your observation and experience with horses, could or not the injury on this horse's leg have caused her death?" The bill of exceptions here recites the plaintiff objected to said question, the court sustaining the objection, and the defendant duly excepted. The witness was then asked this further question: "What, in your opinion, was the cause of the death of the mare?" Objection was also sustained to this question.

In his oral charge to the jury, the court said: "If you believe from the evidence that at the time of this injury, the defendant, Southern Railway Company, was operating trains over that railroad, and at that time, or a short time prior to that time, its employes and roadmen had worked on that bridge, and the company were keeping up that bridge, and that after so doing they allowed said bridge to get out of repair, whereby this mare was injured, then, whether defendant built the bridge or not, it would be as liable as if it had built it, and in that event, the plaintiff would be entitled to recover, unless you believe from the evidence that he was guilty of contributory negligence." The defendant also requested the court to give the following written charges, which were refused: (1) Affirmative charge as to count 1. "(2) If you believe the evidence, you are not authorized to award plaintiff any damages by reason of the death of said mare. * * * (4) If you will believe from the

[Southern Railway Co. v. Taylor.]

evidence that John Olive or the plaintiff caused the mare to fall in the ditch by having her breaching or harness cut after her leg got hung, and that said fall was the cause of her death, plaintiff cannot recover anything on account of her death. (5) It is not the duty of the defendant, under the evidence in this case, to keep said bridge in a safe condition. * * * (8) There is no evidence in this case that the defendant's negligence was the cause of the death of said mare."

There was verdict and judgment for plaintiff for $75. The defendant made a motion for new trial, because the verdict was contrary to the great weight of the evidence, and because the verdict is excessive, and because the jury, under the law and the evidence, was not authorized to award any damages on account of the death of the mare. The motion was overruled.

HUMES & SPEAKE, for appellant.—The court should have given the affirmative charge because of a variance between the allegations of the complaint and the proof.—*Maddox's case*, 100 Ala. 618; *Hood's case*, 95 Ala. 462; *George's case*, 94 Ala. 199; *Burkes' case*, 124 Ala. 604. The affirmative charge should have been given on the broad ground that no duty rested on defendant to keep the bridge in repair.—*Patterson v. S. & N. R. R. Co.*, 89 Ala. 218; *Pratt Coal Co. v. Davis*, 79 Ala. 308; *S. & N. R. R. Co. v. McLendon*, 63 Ala. 26; *Southern Ry. Co. v. Morris*, 42 So. Rep. 17. The court erred in its general charge.—*Carloss v. E. T. V. & G. R. R. Co.*, 77 Ala. 443. The court should have given charge 5 requested by defendant.—105 Ala. 368; 127 Ala. 171.

JAMES JACKSON, for appellee.—No brief came to the reporter.

WEAKLEY, C. J.—It must be held, upon the authority of *Southern Railway Co. v. Morris*, 143 Ala. 628, 42 South. 17, and *Southern Railway Company v. Morris*, 42 South. 19, that the duty rested upon the defendant to keep the bridge in repair, and that the failure to prove the defendant constructed the bridge was

not fatal to a recovery. The case last decided also vindicates that portion of the court's oral charge to which an exception was reserved. Upon the trial there seems to have been no controversy as to the identity of the bridge spoken of by witnesses for both parties with that alleged in the complaint, and there was no dispute as to the defective condition of the bridge; indeed, appellant's counsel in their brief concede it was defective.

The evidence of defendant was entirely directed to the question of the extent of the injury to the mare and the amount of plaintiff's damage. The complaint claimed that the animal was so crippled that she became valueless, and it is undisputed that she died within a few weeks after the accident, although defendant contends that her death was not proximately caused by the injury. The evidence conflicted as to the value of the mare; the plaintiff's witnesses placing her value at from $75 to $100, while the defendant's witnesses valued her at from $35 to $50. The jury's verdict assessed the damages at $75. With this much of preface, we proceed to a consideration of other contentions of counsel for appellant not already disposed of.

It was not a fatal variance that plaintiff did not prove the exact day in July laid in the complaint. The only authority cited to support appellant's contention in this connection is *E. T. V. & G. R. R. Co. v. Carloss*, 77 Ala. 443, which was decided under a statute wholly inapplicable to this case even if it were now in force. It was repealed by its omission from later codifications.

No reversible error was committed by the court in refusing to put plaintiff to an admission of the showing for the absent witness Johnson. The application was addressed to the irrevisable discretion of the court.— *A. G. S. R. R. Co. v. Hill,* 93 Ala. 514, 9 South. 722, 30 Am. St. Rep. 65; *De Arman v. State,* 77 Ala. 10.

The witness Kirkland was not shown to have been qualified to express an opinion as to the cause of the mare's death, nor to possess any special knowledge beyond that of an ordinary juror in reference to the consequences of injuries to horses. Objection to the questions embraced in the eighth and ninth assignments of error were, therefore, properly sustained, even if the

questions were such as might have been propounded to an expert. While a general objection may usually be overruled without error, yet, when the trial court sustains such an objection, the ruling will not be held erroneous, if any valid objection to the question existed.

The action was not brought for the death of the mare, but for injuries which the complainant alleged rendered her valualess. If the defendant was liable for these injuries, and they rendered the animal worthless for service, the plaintiff was entitled to recover her full value, whether she died from the injuries or from some other cause. Evidence that she died a short time after the injury was before the jury without objection, not for the purpose of authorizing recovery for her death, but as circumstance from which, along with other evidence, the jury might infer that the injuries received had been sufficient to cause death, and had thus deprived the mare of all value. There is nothing in the record to show the plaintiff was claiming damages for the death of the mare, nor to indicate that the court proceeded beyond the averments of the complaint in charging the jury upon the subject of the extent of the recovery, nor that any instructions were given the jury by the court, either voluntarily or upon request of the plaintiff, which allowed the jury to award damages for the death of the mare. In the absence of any exception on the subject, we may presume the court properly instructed the jury that recovery was to be had, if at all, for the injuries, and not for the mere death of the animal. Under these circumstances, there was no need to give charges, at the request of the defendant, upon the subject of damages for the death of the mare, or the want of a right to recover such damages. The refusal of charges 2, 4, and 8, therefore, does not constitute reversible error. Charge 8 was also faulty in requiring the court to state there was no evidence of a fact.— *Jefferson v. State,* 110 Ala. 89, 20 South. 434.

Inasmuch as the undisputed evidence showed a failure upon the part of the defendant to keep the bridge in a proper state of repair, and hence a breach of its duty, no error was committed in refusing charge 5.

[Curry v. Southern Railway Company.]

In view of the wide range in the opinions of the witnesses upon the subject of the value, and the better opportunity of the trial judge to determine whether a verdict within the range of the evidence is excessive, we cannot affirm there was error in overruling the motion for a new trial.

Affirmed.

HARALSON, DOWDELL, and DENSON, JJ., concur.