# Staples *v.* Steed.

## *Damage for Killing Horse.*

### (Decided May 12, 1910.  52 South. 646.)

1. *Pleading; Plea in Abatement; Residence of Defendant.*—Where the action was in tort against a resident a plea in abatement setting up that at the commencement of the suit defendant was not a resident of the county where the action was brought, but was a resident of and had his permanent place of business in another county, is bad on demurrer.  (Section 6110, Code 1907.)

2. *Appeal and Error; Harmless Error; Pleading.*—Where a plea is incapable of amendment so as to make it a good plea the technical error of sustaining a general demurrer thereto will not cause a reversal.

3. *Physicians and Surgeons; Veterinaries; Negligence.*—The throwing of an animal for the purpose of cauterizing a spavin is a part of the treatment, and if the throwing was so negligently done as to rupture the diaphram causing death, the owner of the animal is entitled to recover for the negligence and unskillfulness in performing it.

4 *Evidence; Non Expert.*—A non expert whose observation has covered twelve or thirteen years and who, during that time has often seen horses hobbled and thrown in a way to prevent injury, is competent to testify as to the proper way to throw a horse so as not to injure it; but such witness could not testify that the method employed in this instance was negligent, since that was a question for the jury.

APPEAL from Clay County Court.

Heard before Hon. W. J. PEARCE.

Action by C. L. Steed against W. D. Staples for damages resulting from the killing of a horse.  Judgment for plaintiff, and defendant appeals.  Reversed and remanded.

The case made by the pleading and proof is sufficiently stated in the opinion.  The plea referred to is as follows: "That at the time of the commencement of this suit he was not a resident citizen of Clay county, Alabama, but that defendant was at such time a resident citizen of the city of Anniston, county of Calhoun, state

of Alabama, at which place defendant had a permanent residence and resides there at this time." This plea was sworn to, and sought to abate the action. The demurrers filed to this plea are as follows: "(1) For that same is no defense to this cause of action, in that the same is in tort, and said plea is no answer. (2) For that this is not an action ex contractu but is an action in tort and said plea is no defense." The other facts are sufficiently stated in the opinion.

RIDDLE, ELLIS & KELLY, for appellant. The throwing of a horse preparatory for an operation for spavin is not a part of the operation.—6 Words & Phrases, 4992. The witness must first qualify as an expert before he can give his opinion.—3 Mayf. 480. As to whether a witness is an expert is a question for the court.—*McCutchins v. Loggin,* 109 Ala. 457. This witness was not an expert.—66 Am. Dec. 232. The defendant was entitled to the affirmative charge on his plea in abatement.—*Gilliland & Son v. Martin,* 42 South.

WHATLEY & CORNELIUS, for appellee. No brief reached the Reporter.

SAYRE, J.—The plea of defendant's non-residence was without merit.—Code 1907, § 6110; *Hoge v. Herzberg,* 141 Ala. 439, 37 South. 591. The demurrer was probably general; but if so the plea was incapable of amendment so as to make it good and the technical error involved in sustaining a general demurrer cannot avail for a reversal.—*Ryall v. Allen,* 143 Ala. 222, 38 South. 851.

Appellee's complaint was that the defendant, a veterinary surgeon, had so negligently or unskillfully treated his horse for a spavin that the horse died as a result. The complaint was in tort. There seems little doubt

[Staples v. Steed.]

on the evidence that the mere application of the cautery to the spavin did not account for the death of the animal a few hours thereafter, but that its death resulted from a rupture of the diaphram caused either by violently throwing the horse to the ground, preparatory to the application of the treatment, or by its struggles to free itself from the bonds which held its feet together during the operation. Appellant thinks that, such being the case, plaintiff could not recover as for negligent or unskillful treatment. But to bind and throw the animal was a part of the treatment undertaken on the advice and under the direction of defendant, and is necessarily resorted to in cases where the animal is unruly or violent, as the jury might have inferred was the case here. We do not doubt that the complaint authorized a recovery on proof of negligence or unskillfulness in causing the animal to be thrown so as to produce its death in a way which ought to have been anticipated as a probable result. Such result does sometimes follow, it seems, where there has been no lack of care and skill. But in this case there was evidence which may well have afforded inference that the place selected for throwing the horse—being on the side of a hill, whereas a level spot was available—was so unsuited to the purpose as to cause the horse to be thrown with unusual and unnecessary violence, thereby causing its injury and death. Whether, therefore, the death of the animal resulted from negligence, or was an accident, inevitable because not to be foreseen in the exercise of due care and skill, was a question which the court properly submitted to the decision of the jury.

J. M. Worthy, testifying as a witness for the plaintiff, deposed that he had often seen horses hobbled and thrown in a way to prevent injury, that his observation covered 12 or 13 years in Texas and Alabama, and that

[Staples v. Steed.]

he knew how to hobble and throw a horse so as not to injure it. He had seen veterinarians hobble and throw horses, and himself had done so many times. On this qualification this witness was allowed to give his opin-ion as to the proper way in which to hobble and throw a horse. We have held that throwing the horse was a part of the operation of firing the spavin. But it was not necessary that this witness should qualify as a vet-erinary surgeon before being permitted to state his opin-ion as to the proper method of hobbling and throwing horses in general. A witness may have expert knowl-edge of some of the more ordinary affairs of life. The opinions of mechanics and artisans are received as evi-dence when they have gained by experience an acquain-tance with the subject not common to others. The opin-ions of those skilled in agriculture are received as to proper modes of cultivation and cognate problems. It is a common practice to allow stock dealers and graziers to testify as experts concerning the management of stock and matters peculiarly within their knowledge. —Jones on Ev. §§ 380, 381. The opinion of this wit-ness as to the proper way in which to perform the me-chanical part of the operation was properly received; its weight being left to the jury. But the witness was allowed to go further. He was allowed, in effect, to testify that the operation involved in the case on trial was negligently performed. This was error. It was not for the witness to usurp the province of the jury by drawing that conclusion of fact upon which the issue of the case depended.—*L. & N. v. Landers*, 135 Ala. 504, 33 South. 482.

For this error the judgment must be reversed.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and McCLELLAN, JJ., concur.