# H. M. Judge & Co. *v.* Washburn-Crosby Milling Co.

## *Deceit.*

### (Decided May 17, 1911.   56 South. 2.)

*Corporations; Foreign; Action; Venue.*—Under the express provisions of section 6110, Code 1907, an action against a foreign corporation claiming damages for deceit in the sale of flour may be brought in the county in which the act complained of occurred, although the corporation had no agent in that county, and this is true notwithstanding the provisions of section 6112.

APPEAL from Shelby Circuit Court.

Heard before Hon. E. S. LYMAN.

Action by H. M. Judge & Co., a partnership, against · the Washburn-Crosby Milling Company. Judgment for defendant, and plaintiffs appeal. Reversed and remanded.

The first count claimed for a breach of warranty in the sale of 100 barrels of flour, which was warranted to be regular and good quality of Gold Medal brand. The second count was for deceit in the sale of said flour. The defendant set up as an answer to the complaint that it was a foreign corporation doing business in the state of Alabama, and at the time of the commencement of this suit it had a known place of business in the city of Birmingham, in the state of Alabama, and an authorized agent therein in the city of Birmingham, and that at the time of the commencement of this suit it was not doing business in the county of Shelby, in the state of Alabama. By replication the plaintiff set up that at the time of the fraud complained of and of the deceit practiced the defendant was doing business by agent in Shelby county, Ala., had been long before that time, and at the time of the commencement of the suit,

[H. M. Judge & Co. v. Washburn-Crosby Milling Co.] ·

and still is doing business. The evidence for defendant on plea in abatement tended to show that Lund was its agent, and only authorized agent, in the state of Alabama, with headquarters at Birmingham, and that it was a corporation having residence in the state of Kentucky, where it manufactured flour. The evidence for plaintiff tended to show that regularly a sales agent of the defendant visited the different points in Shelby county, soliciting and receiving orders for the Gold Medal flour.

JOHN E. MILES, and BROWNE, LEEPER & LAPSLEY, for appellant. The 2nd count was in tort and the suit was properly brought in the county where the acts of omission occurred.—*Hogue v. Herzberg*, 141 Ala. 349; Sec. 6110, Code 1907.

R. C. REDDUS, for appellee. The court properly overruled demurrers to the pleas in abatement and sustained demurrers to the replications thereto.—Sec. 232, Constitution 1901; Sec. 6112, Code 1907; *Beard v. Pub. Co.*, 71 Ala. 60; *Sullivan v. Sullivan T. Co.*, 103 Ala. 371; *Int. C. S. O. Co. v. Wheelock*, 124 Ala. 367; *Abraham Bros. v. So. Ry.*, 149 Ala. 547

WALKER, P. J.—Following the rulings in the cases of *Montgomery Iron Works v. Eufaula Oil & Fertilizer Co.*, 110 Ala. 395, 20 South. 300, and *Alabama Western Railroad Co. v. Wilson, supra*, 55 South. 932, it must be held that, under section 6110 of the Code of 1907, an action ex delicto against a private corporation may be brought in the county in which the act or omission complained of may have been done, or may have occurred, though such corporation, at the time of the institution of the suit, is not doing business by agent in such county, and that the provisions of section 6112 of the

Code do not affect the right of the plaintiff, in an action ex delicto against a corporation, not for personal injuries, to sue in the county in which the act or omission complained of may have occurred.

The second count of the complaint in this case being in tort, claiming damages for an alleged deceit practiced by the defendant in a sale of flour by it to the plaintiffs, the rulings of the trial court in overruling the demurrer of the plaintiffs to defendant's plea in abatement, and in sustaining defendant's demurrer to the replication filed to that plea, were not in conformity with the law as announced in the above-cited cases. For the error in those rulings, the judgment of the court below must be reversed.

Reversed and remanded.