# Staples v. Steed.

*Injury to'Animal.*

(Decided November 19, 1912.   60 South. 499.)

1. *Evidence; Opinion; Qualification to Give.*—One having practical knowledge gained from experience on the subject may testify as to the proper method or manner of throwing a horse without injury to the animal although not a skilled or graduate veterinary surgeon, or technically learned on the subject.

2. *Same.*—One who had helped· to throw stock for about twenty years, and had thrown many horses, and seen many horses thrown, and had lived on a ranch several years during which time he had helped to throw a great many horses, was qualified to testify as to the proper manner or method of throwing a horse so as not to injure him.

3. *Same; Declarations; Res Gestae.*—Where the action was against a veterinary surgeon for negligence in throwing a horse, causing a spavin, the testimony of a bystander that he told the owner of the animal that the veterinary was killing the horse, and that the veterinary replied that he was running that cat, was competent as a part of the res gestae of the transaction.

4. *Same.*—Where a declaration is connected with the main fact or transaction so as to illustrate and further its object and form in connection with it, one continuous transaction, it is admissible as a part of the res gestae.

[Staples v. Steed.]

5. *Physicians and Surgeons; Negligence; Instructions.*—In an action against a veterinary surgeon for negligence in the performance of an operation on a horse, a charge asserting that he was only required to use that ordinary degree of care that reasonably prudent men of his profession would use under similar circumstances, and that the jury could not find a verdict against him unless reasonably satisfied that he did not exercise care, confused the degree of care to be used, and was properly refused.

6. *Same.*—Where the action was against a veterinary surgeon for negligence resulting in injury to a horse, and there was evidence of the negligent throwing of the horse and in the selection of a hillside instead of a level spot for that purpose, charges that the veterinary was not liable unless he was negligent in and about the operation, and unless such negligence was the proximate cause of the horse's death, was properly refused as limiting his liability to negligence in performing the operation, and excluding liability for negligence in throwing the horse and selecting the place for throwing him.

7. *Same.*—A charge asserting that if the jury believe the evidence defendant was a skilled veterinary surgeon and the process employed was necessary for the cure of the horse, and was skillfully applied, was properly refused as ignoring evidence of liability for negligent selection of place, and negligent manner of throwing, and also gave undue prominence to part of the evidence, as well as invading the province of the jury.

8. *Same.*—Where there was evidence tending to show that those assisting in throwing a horse were employees of the veterinary and under his sole direction and control, charges asserting that the veterinary could be made liable only for his own negligence and not for the negligence of those assisting him in throwing and holding the horse were properly refused.

9. *Same.*—A charge asserting that the veterinary could not be held liable if a reasonably prudent and skilled veterinary would have performed the operation in the manner in which it was performed, was properly refused for ignoring testimony as to negligence in the method and manner of throwing the horse for the performance of the operation, and in the selection of the place.

10. *Same.*—Where there was evidence tending to show negligence in the manner of throwing the horse and in the selection of the place therefor, a charge asserting that defendant was not being sued on a warranty of the operation, that it was immaterial whether or not he warranted the operation, and that, if he was not negligent in performing the operation, he was not liable, was not only argumentative but ignored liability for negligence in other respects.

11. *Charge of Court; Invading Province of Jury.*—A charge asserting that if the jury believe the evidence, they could not find that the burning of the affected part caused the horse's death, and even if it did, defendant was not liable for that alone, not only invaded the province of the jury, but was argumentative as well.

12. *Same; Comment on Evidence.*—It is not error to refuse charges asserting that the jury is or is not authorized to find certain facts from the evidence, or that there is or is not evidence of certain facts.

13. *Same; Request for.*—It is never error to refuse charges which do not assert propositions of law and which are mere argumentative statements of facts.

14. *Same; Covered by Those Given.*—It is not error to refuse charges substantially covered by written charges given.

15. *Appeal and Error; Assignments; Waiver.*—Assignments of error not argued or discussed by counsel for appellant are waived.

APPEAL from Clay County Court.

Heard before Hon. E. J. GARRISON.

Action by C. L. Steed against W. D. Staples for damages for injury to a horse, causing its death. Judgment for plaintiff, and defendant appeals. Affirmed.

For a statement of facts and the pleadings in the case, see former appeal in 167 Ala. 241, 52 South. 646, Ann. Cas. 1912A, 480.

The witness Worthy was permitted to testify, over the objection of the defendant, that in Staples' presence Mr. Shumaker said to Mr. Steed, "That man is killing your horse," and Staples replied that he was running that cat.

The following are the charges referred to in the opinion, as having been refused to the defendant:

(4) "The court charges the jury that all that was required of Staples in performing the operation was to use that ordinary degree of care that reasonably prudent men of his profession would use under like conditions and surroundings, and if Staples did this he would not be liable in this action, and you could not find a verdict against him until you are reasonably satisfied from the evidence that he did not exercise care."

(5) "Even though you may believe from the evidence that the operation killed the horse, still Staples would not be liable therefor, unless he was negligent in and about the operation, and unless you further are reasonably satisfied from the evidence that such negligence was the proximate cause of the death of the horse."

(6) "The court charges the jury that, even though you may believe from the evidence that Staples was negligent in and about the operation on the horse, still your verdict must be for the defendant, unless you are further reasonably satisfied from the evidence that such negligence was the proximate cause of the death of the horse."

(10) "If you believe the evidence in this case, the defendant Staples was a skilled veterinary surgeon at the time he performed the operation, and that the burning process was necessary for the cure of the horse, and that the burning process was skillfully applied to the affected part of the horse."

(11) "The defendant Staples in this case can only be held liable for his own negligence, and he is not liable for the negligence of the persons who were helping control, even if such persons were negligent."

(12) "Before you can find a verdict against the defendant Staples, you must be reasonably satisfied from the evidence that a reasonably prudent and skilled veterinary surgeon would not have performed the operation on the horse in the manner in which the defendant Staples performed the same."

(13) "The defendant Staples is not being sued on the alleged warranty or guaranty of the operation, and it is immaterial as to whether or not he guaranteed or warranted the operation, he being sued only for his negligence; and if he was not negligent in performing the operation, he would not be liable, and you cannot find a verdict against him."

(14 ) "If you believe the evidence in this cause, you are not authorized to find from the evidence that the burning of the affected part of the horse caused his death; and even if the burning did kill the horse, Staples would not be liable for that alone."

[Staples v. Steed.]

(16) "The defendant is not liable for negligence of any person helping throw the horse, and if you find that the horse was negligently thrown by a green hand, and that Dr. Staples was acting in a skillful manner, your verdict should be for the defendant."

(18) "The defendant Stalpes was not guilty of negligence for which he would be liable in using the English hopple method in throwing the horse."

RIDDLE, ELLIS, RIDDLE & PRUET, for appellant. See generally, *Staples v. Steed,* 52 South. 646. The witnesses were not competent as experts to give their opinion.—*McCutcheon v. Loggins,* 109 Ala. 457; 66 Am. Dec. 232. Counsel discuss other assignments of error relative to evidence, and in support thereof cite.—7 Words & Phrases, 6130, topic, res gestae. The court should have given charge 4.—48 Am. Dec. 478, and note; 59 Am. Rep. 390. Charges 5 and 6 should have been given.—*Western Ry. v. Mutch,* 98 Ala. 194. Charges 10, 11 and 12 should have been given.—Authorities supra. Counsel discuss other charges refused, but without citation of authority.

WHATLEY & CORNELIUS, for appellee. The witnesses qualified to give their opinion as to the proper method and manner of throwing horses.—*Staples v. Steed,* 52 South. 646; *Snodgrass v. Reynolds,* 79 Ala. 452; *Buford v. Shannon,* 95 Ala. 205. The declaration and answer was of the res gestae.—*L. & N. v. Pearson,* 97 Ala. 215; *Masterson v. Pinney,* 56 Ala. 336; 11 Enc. of Evid. 337; 2 L. R. A. 520. Counsel discuss the charges given, and insist that they either offend the rule against clearness or are argumentative, invasive of the jury's province, or omit to hypothesize material parts of the evidence.

PELHAM, J.—A statement of the facts and issues involved in this case will be found in the opinion and

the report of the case on the former appeal.—*Staples v. Steed,* 167 Ala. 241, 52 South. 646, Ann. Cas. 1912A, 480.

The witnesses Watts and Worthy each testified to sufficient facts showing them to be competent to testify to the proper manner or method to throw a horse without injury to the animal. A man having practical knowledge on such a subject gained from experience is qualified to testify about a matter of this nature without being shown to be a graduate or skilled veterinary surgeon, or technically learned on the subject. The witness Watts testified: "I have helped throw stock off and on for 20 years. I have seen several horses thrown. Have thrown several horses and mules." The witness further specified instances of his having personally engaged in throwing horses, and stated that he was 42 years old. This witness having testified to facts showing his competency, it was without error to permit the witness to state that he knew how to hobble and throw a horse without injuring him. The witness Worthy testified that he had seen many horses thrown; that he had helped throw horses off and on for 20 years, had lived on a ranch several years, and during this time had helped hobble and throw a great many horses. The witness then stated in detail particular experiences he had with named persons in hobbling and throwing horses. Both of these witnesses testified to facts showing their knowledge and experience on the subject, and the court in allowing each of them to answer the question, "Do you know how to hobble and throw a horse without injury?" was but following the rule of the Supreme Court on the admissibility of this testimony as set out in the opinion in this case on the former appeal.—*Staples v. Steed,* 167 Ala. 241, at page 644, 52 South. 646, page 647, Ann. Cas. 1912A, 480, when it was said: "The

opinion of this witness [referring to the witness Worthy] as to the proper way in which to perform the mechanical part of the operation was properly received; its weight being left to the jury." The original record on the former appeal shows that the witness Worthy was permitted in the trial from which that appeal was taken to testify that the way in which that horse was thrown was not a safe way or manner in which to throw the horse, and it was this testimony of the witness that was referred to as allowing the witness "in effect to testify that the operation involved in the case on trial was negligently performed."—*Staples v. Steed, supra.* The record on the present appeal does not contain this illegal testimony.

The statement of the witness Shumaker made in the presence and hearing of the defendant while the operation was in progress was admissible as part of the res gestae as well as because it was of such a character as to call for a denial.—*Kirby v. State,* 89 Ala. 63, 8 South. 110; *Raymond v. State,* 154 Ala. 1, 45 South. 895. Declarations of a bystander accompanying or connected with the transaction or event in question are admissible as part of the res gestae.—*Young v. State,* 149 Ala. 16, 43 South. 100. Where the declaration is connected with the main fact or transaction under consideration so as to illustrate and further its object and to form in connection with it one continuous transaction, it is admissible as part of the res gestae.—*L. & N. R. R. Co. v. Pearson,* 97 Ala. 215, 12 South. 176; *Masterson v. Phinizy,* 56 Ala. 336.

The degree of care required to be exercised by the defendant, and for the failure to observe which he alone could be held legally liable, is correctly stated in given charges Nos. 3 and 15, given at the instance of the defendant, and the refusal to give charge No. 4, for this

reason, as well as because it is confused in reciting the degree of care for which the defendant is responsible, is without error.

Charges Nos. 5 and 6 as applied to the facts and evidence in the case were easily calculated to mislead and confuse the jury, and the court cannot be put in error for the refusal of either. Under the evidence before the jury, the plaintiff based his right to recover almost entirely on the tendency of that evidence going to establish his claim of negligence upon the part of the defendant, not in the performance of the operation proper by burning the spavin with hot irons, but in the selection and preparation of the place and the manner of conducting the preliminaries and mode used in throwing the horse preparatory to performing the surgical operation. While in the opinion of this case on the former appeal the throwing preparatory to performing the surgical operation is referred to as "the mechanical part of the operation" (*Staples v. Steed, supra,* 167 Ala. 244, 52 South. 647, Ann. Cas. 1912A, 480) the evidence in this case, as on the former appeal, affords an inference "that the place selected for throwing the horse, being on the side of a hill, whereas a level spot was available, was so unsuited to the purpose as to cause the horse to be thrown with unusual and unnecessary violence, thereby causing its injury and death." These charges (5 and 6) in the use of the word "operation," and limiting the defendant's liability solely to negligence in performing the operation, exclude as a reasonable and necessary inference the question of liability consequent upon a negligent selection and preparation of the place to perform the operation, and are also calculated to mislead in being taken as an instruction exempting the defendant from liability for negligence in the manner of throwing the horse, and the preliminary preparations, and limiting

the negligence for which the defendant would be liable to those acts connected alone with performing the surgical operation proper. The charges, being misleading or confusing, were properly refused.—*So. Ry. Co. v. Hobbs,* 151 Ala. 335, 43 South. 844; *A. & B. A. L. Ry. Co. v. Wheeler,* 154 Ala. 530, 46 South. 262; *B. R. L. & P. Co. v. Moore,* 148 Ala. 115, 42 South. 1024.

Charge 10 ignores defendant's liability for the negligent selection of a place to operate and manner of throwing the horse, and gives undue prominence to part of the evidence. This charge also invades the province of the jury.

Charges 11 and 16 have the effect of eliminating entirely from the consideration of the jury that part of the plaintiff's evidence in which he testified that the hands assisting in throwing the horse were the servants of the defendant under his sole direction and control, and for whose acts of negligence the defendant would therefore be responsible.

Charge 12 ignores material parts of the testimony tending to show defendant's liability, and predicates the defendant's right to a verdict on part only of the evidence.

Charge 13 is argumentative, and also predicates the defendant's right to a verdict notwithstanding he might have been negligent in the selection of the place and manner of throwing the horse.

Charge 14 invades the province of the jury, and is argumentative. The court cannot be put in error for refusing charges that state what the jury is or is not authorized to find from the evidence, or that there is or there is not evidence of certain facts.—*Hill v. State,* 156 Ala. 3, 46 South. 864; *So. Ry. Co. v. Taylor,* 148 Ala. 52, 42 South. 625.

Charges which do not assert a proposition of law, but which are mere argumentative statements of facts, are

[Bessemer Water Works Co. v. Murphy.]

properly refused.—*Loveman v. Birmingham Ry. Co.,* 149 Ala. 515, 43 South. 411.

Charge 18 is bad. Charges which single out a certain fact upon which they are hypothesized, and give undue prominence to that fact, may be refused.—*M. St. Ry. Co. v. Rice,* 142 Ala. 674, 38 South. 857. The proposition asserted in this charge is covered in the given charges.

Appellant's counsel do not argue or discuss the charges given at the request of the plaintiff and waive any assignment of error based on them.—*Harper v. Raisin Fer. Co.,* 148 Ala. 360, 42 South. 550; 6 Mayfield's Dig. p. 33, §§ 111, 112.

The rulings of the trial court presented and insisted upon as erroneous by appellant are free from error, and the case will be affirmed.

Affirmed.