# Tennessee Valley Bank *v.* Avery & Sons.

### *Assumpsit.*

(Decided November 26, 1913.   63 South. 813.)

1. *Appeal and Error; Review; Record.*—In order to review a ruling on a motion to strike pleading, the record of the trial court should show the judgment, and the exception to such judgment should be shown by the bill of exception.

2. *Same; Harmless Error; Instructions.*—When an instruction inapplicable under the evidence is given, it cannot be said not to be prejudicial to the opposite party.

3. *Same.*—In an action upon a note purporting to have been signed by a firm, an instruction that if the money sued for had been paid to the payee of the note, plaintiff could not recover, was prejudicial and erroneous, where not supported by the evidence.

4. *Charge of Court; Applicability to Evidence.*—Where the action was on a note signed by "S. M. Avery & Sons, by S. M. A." and the evidence showed that the note was originally signed by S. M. A. in the firm name, an instruction that if the words "& Sons, by S. M. A." were written on the note after it was signed by S. M. A. without his knowledge, the jury should find for defendant, was inapplicable to the evidence.

5. *Same.*—The court should not give instructions which are not supported by any evidence.

6. *Partnership; Liability of Partner.*—If a note was signed by a partner in the firm name for a partnership obligation, recovery thereon against all the partners would not be precluded by the fact that the partner signing the note did not represent that he would get another partner·to sign it individually.

7. *Same; Firm Indebtedness.*—Where the note was signed by "S. M. Avery & Sons, by S. M. A." and also by Will Avery individually, and the evidence showed that there was a partnership composed of S. M. Avery, and his sons, W. and G., and the note, in discharge of which the one sued on was given, and which was marked paid and surrendered by the payee bank, was a partnership note, and there was no plea of non est factum or special plea by G. A., denying individually liability on account of not being a partner, and no evidence to show that he is not a partner, the court was in error in excluding the note as evidence against G. A., and in giving the general charge in G.'s favor in view of the provisions of sections 2503, 2506, and 5266, Code 1907.

8. *Pleading; Test; Demurrer.*—The sufficiency of the plea must be tested by demurrer, and not by motion to strike.

APPEAL from Winston Circuit Court.

Heard before Hon. TRAVIS WILLIAMS, Special Judge.

Action by the Tennessee Valley Bank against the firm of S. M. Avery & Sons and its members. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

The facts sufficiently appear from the opinion. The following charges were given at defendant's request:

"(23) If the jury believe from the evidence that the words '& Sons, by S. M. A.,' was written on said note, after same had been signed by S. M. Avery, and without his knowledge or consent; then you will find for defendants in this case as to any liability for the payment of the note sued on."

"(22) If the jury believe from the evidence in the case that the word 'seven,' which is erased in said note, was so erased after it was signed by S. M. Avery and Will Avery, without their consent, they will find a verdict for defendants as to liability for payment for the note sued on."

"(25) If you believe from the evidence in this case that S. M. Avery did not tell Barber to tell Will Avery

to sign the note or represent to Barber that he would get Will Avery to sign the note, then you cannot find a verdict for the plaintiff on the note sued on."

"(36) If the jury believe from the evidence that the money sued for has been paid to the bank by Barber, then plaintiff cannot recover in this case."

J. McVay, and Kirk, Carmichael & Rather, for appellant. The court erred in overruling demurrers to the pleas setting up failure of consideration.—*Sims v. Herzfield,* 95 Ala. 145; *Carmileck v. Mims,* 88 Ala. 335. The 9th plea was defective as a plea of alteration. The court erred in excluding the note from the evidence.—Sec. 5266, Code 1907. It was error to permit the introduction of unsigned notes.—1 *Wigmore,* sec. 9. The plaintiff was entitled to have what the defendant said to Barber at the time of signing the note as contradictory of what the witness had testified relative to not getting the money.—*Bank v. Webb,* 108 Ala. 132; *LaFayette v. Tucker,* 124 Ala. 514. The court erred in giving charges 10 and 18.—*Marks, et al. v. M. I. Wks.,* 88 Ala. 328; *Merrill v. Worthington,* 155 Ala. 281; *Smith v. Sharpe,* 162 Ala. 436. Counsel discuss the other charges given and refused, but without further citation of authority.

Ray & Cooner, and W. V. Mayhall, for appellee. Demurrer is the proper way to test the sufficiency of pleading.—*Meyer v. Bloch,* 139 Ala. 174; *Powell v. Crawford,* 110 Ala. 294; *McAfee v. Glenn-Mary C. & C. Co.,* 97 Ala. 709. Counsel discuss other assignments of error, but without further citation of authority.

PELHAM, J.—The appellees were customers of the banking institution conducted by appellant at Haley-

ville, Ala., and during the course of business between the parties, S. M. Avery went to the bank to pay the balance due the bank on a partnership note of S. M. Avery & Sons and to get a draft cashed for $250 drawn on a company at St. Louis, Mo. The manager or cashier of the bank paid to Mr. Avery the money called for by the draft, and marked the note of Avery & Sons held by the bank paid and surrendered it to Avery without having retained from the proceeds of the draft, or otherwise received, the balance due the bank on this note, amounting to $140.47. At least this is the contention of the appellant bank and is borne out by the positive, direct testimony of the bank officials, and these facts were not unequivocally and directly denied by Avery, who testified generally that he did not consider that he owed the amount claimed as the balance due, but that he did not count the money paid to him on the St. Louis draft and did not know how his or his firm's account with the bank stood.

Mr. Avery, after receiving the money on the draft, remained in the bank for some time, engaged in general conversation with the bank official with whom he had transacted this business, and then left the bank to take a train to his home in Sheffield, Ala., a nearby town. Shortly afterwards, during the same day, this officer of the bank discovered the mistake, or his failure to collect the balance due the bank on the note he had canceled or marked paid and handed to Avery, and at once endeavored to communicate with Avery by telephone, but, due to the defective condition of the telephone service, was unable to do so, whereupon, on the same day, the bank official wrote to Avery, calling his attention to the mistake made and asking him to send the bank $140.47, the amount due on the note that had been marked paid and delivered to him. Not hearing from

Avery, a representative of the bank in a few days went to see him, but failed to get payment or an acknowledgment of the bank's contention that the mistake had been made, although Avery's denial of the facts, insisted upon by the bank as constituting the basis of its claim that the error or mistake had been made, was rather equivocal. Some weeks subsequent to this, the manager of the bank went to the home of Avery, in Sheffield, Ala., and induced him to execute a note to the bank for the amount of the balance claimed by it to be due on the note of S. M. Avery & Sons that had been marked paid and surrendered to him. The note was afterwards also signed by William Avery individually, and this action is brought on that note; the common counts being joined with special counts declaring on the note.

The defendants pleaded the general issue and numerous special pleas, among others, pleas averring material alteration in the note and failure of consideration. The plaintiff moved to strike the pleas alleging an alteration and failure of consideration and assigns as error the action of the court in overruling the motion; but no exception is shown in the record proper or by any recital in the bill of exceptions to have been reserved to the court's ruling on the motion to strike the pleas.

"In order to review a ruling of the court on a motion to strike pleading, the record proper of the trial court should show a judgment by the court, and exception to such judgment should be shown by the bill of exceptions."—*Gaston v. Marengo Imp. Co.,* 139 Ala. 465, 36 South. 738, quoted with approval in the case of *Lay v. Postal Tel. Cable Co.,* 171 Ala. 172, 54 South. 529, 531.

Besides, "demurrer, and not motion to strike, is the appropriate method of testing the sufficiency of pleas. Motion to strike should be granted only where the pleadings are unnecessarily prolix, irrelevant, frivo-

lous, or 'unnecessarily repeated,' added by New Code.—
*A. G. S. R. R. Co. v. Clark,* 136 Ala. 461, 34 South. 917;
Code 1907, § 5322." *Mobile Elec. Co. v. Sanges,* 169
Ala. 341, 349, 53 South. 176, Ann. Cas. 1912B, 461.

The suit was brought against S. M. Avery, Geo. Avery
and William Avery individually, as defendants, and the
note introduced in evidence was signed "S. M. Avery &
Sons, by S. M. A.," and by William Avery individually.
It was shown without conflict in the evidence that S.
M. Avery & Sons were a partnership composed of S.
M. Avery and his three sons, William, George, and
Jesse Avery, and that they conducted business as such
partnership under that firm name with the bank, and
that the note marked paid and surrendered by the bank
to S. M. Avery was a partnership note given for a part-
nership indebtedness and was signed in the firm name
(S. M. Avery & Sons) by one of the partners. There
was no plea of non est factum interposed, or special
plea by George Avery, denying individual liability on
account of not being a member of the firm, and no evi-
dence supporting a theory that he was not a member
of the firm of S. M. Avery & Sons. Under the issues
formed, and the evidence, the court was not justified in
excluding the note as evidence against the defendant
George Avery on the defendant's motion "because it
does not tend to prove any case against him"; and in
giving written charge No. 6, the general charge in favor
of the defendant George Avery.—Code 1907, §§ 2503,
2506, 5266. There can be no question but that the bank
had a right of action against the defendants personally
(including George Avery) on the original demand, and
the demand sued upon in this action was given by one
of the partners for the balance due on the debt evidenced
by the original note. There is no real, substantial de-
nial in the evidence that this note was signed in the

partnership name by S. M. Avery; although he testified that he did not know, and did not see, why he should have signed the note "S. M. Avery & Sons, by S. M. A.," yet he made no actual denial of having done so, but on the contrary admitted having signed the note, and claimed that he had been coerced into signing it by threats and was induced thereto by false and fraudulent representations upon the part of the manager of the bank, and that it was signed under duress; and these are the matters that seem to be principally relied upon as a defense to defeat a recovery.

The proof on the part of the plaintiff was positive to the effect that the note was signed by Mr. S. M. Avery in the firm name, just as it appeared upon the note as introduced in evidence. Under this state of the evidence, we do not think there was any support for the hypothesis contained in charge No. 23 given at defendant's request, and we cannot say that the misleading tendency of this charge did not tend to prejudice the plaintiff's case before the jury. The charge is also otherwise faulty.

What the defendant S. M. Avery said to the bank's representative at the time he signed the note sued upon with reference to the money he had received from the bank when the draft was paid, and of having subsequently found out that his son had spent some of the money, etc., was relevant and material to the issues and part of the res gestæ of the transaction. It was connected with and formed a part of the main transaction relating to the matters in issue over which there was serious controversy and conflict with reference to the considerations under which S. M. Avery had executed the note sued upon in this action. The court was in error in refusing to permit the questions to be asked the plaintiff's witness Barber, and the defendant S. M. Avery,

seeking to elicit this testimony, as it was clearly part of the res gestæ.—*Bank v. Webb,* 108 Ala. 132, 19 South. 14; *Gulf Red Cedar Co. v. Crenshaw,* 169 Ala. 606, 53 South. 812; *Staples v. Steed,* 6 Ala. App. 594, 60 South. 499.

There was no evidence before the court that the word "seven" appearing in the note with pen mark drawn through it, was "erased" after it was signed and without the consent of the obligors on the note. On the contrary, the positive proof was that this pen mark was drawn through the word before it was signed, and charge No. 22 given at the request of the defendants was therefore improper.

The uncontroverted proof was that S. M. Avery signed the note prior to William Avery's having signed it individually; and if the note had been previously signed by S. M. Avery, one of the partners, acting for, and in the firm name of S. M. Avery & Sons, for a partnership obligation; then the plaintiff would not be precluded from a recovery against all of the defendants because of the facts hypothesized in charge No. 25, as to the subsequent procurement of the signature of William Avery individually. The court was in error in giving this charge.

Charge No. 36, as well as other charges given at the instance of the defendants, as set out in the bill of exceptions and made the basis of assignments of error, were abstract as applied to the evidence and well calculated to prejudice the plaintiff's case before the jury. However, the point is well taken by appellees' counsel that sufficient insistence is not made by counsel for appellant in brief to authorize a consideration of them. As the judgment of the lower court must be reversed for the errors pointed out, we do not deem a further discussion of the case neecssary, but make this refer-

ence and passing criticism of the charges for the benefit of the court on another trial.

Reversed and remanded.