# Williams v. Hyde.

## Deceit.

(Decided June 3, 1914. Rehearing denied June 20, 1914.
65 South. 708.)

1. *Appeal and Error; Filing Transcript; Dismissal.*—Where a transcript is filed on the 1st day of the first call of the division to which the appeal was returnable after the taking of the appeal, such appeal will not be dismissed on the ground of the failure to file the transcript within the time, the appellee not being prejudiced by the delay.

2. *Justices of the Peace; Jurisdiction; Venue.*—Section 4648, Code 1907, fixes the venue of actions in the justice court in the precinct where the alleged fraud was committed, and an action for deceit in the sale of a horse was properly brought thereunder.

3. *Same; Summons Personal Service.*—Where the suit was begun before a justice of the peace having jurisdiction of the subject matter and defendant is found within the territorial jurisdiction of such justice, and is personally served with the summons and complaint, the justice acquired jurisdiction over defendant for the purposes of that suit, although defendant resided in another county.

APPEAL from Franklin Circuit Court.

Heard before Hon. C. P. ALMON.

Action by J. C. Williams against C. B. Hyde for damages for deceit in the sale of a horse. Judgment for defendant and plaintiff appeals. Reversed and remanded.

CHENAULT & CHENAULT, for appellant. This is an action of tort, and was properly brought in Red Bay beat in Franklin county where the tort was committed. Secs. 4648 and 6110, Code 1907; *Hoge v. Herzberg,* 141 Ala. 439. It therefore follows on these authorities that the demurrer to the plea in abatement and motion to strike the same should have been sustained. The defendant was found in the beat where the tort was committed and personal service was had on him which

gave the justice jurisdiction. In any event, the appearance was a waiver.—16 L. R. A. (N. S.) 177; *Karthaus v. N. C. & St. L.,* 140 Ala. 433; *Merchants Nat. Bank v. Troy Gro. Co.,* 150 Ala. 128.

E. B. & K. V. FITE, for appellee. The case should be affirmed on motion.—Sec. 4648, Code 1907; rule 43, Sup. Ct. Pr. The appeal should be dismissed under rule 43, and section 2849, Code 1907. The court properly sustained the plea in abatement.—*Reed v. Coker,* 1 Stew. 22; *Atkinson v. Wiggins,* 69 Ala. 190; *Horton v. Elliott,* 90 Ala. 480.

PELHAM, J.—The motion to dismiss the appeal because the transcript was not filed in time is without merit. The appeal was taken, as shown by the certificate of the clerk, on the 29th day of July, 1913, and the transcript filed here February 2, 1914, the first day of the first call of the division to which it was returnable after the appeal was taken, and was therefore filed without prejudice to appellee, resulting from delay, at the earliest call at which it could have been submitted. —*National Union v. Sherry* (Sup.) 61 South. 944; *Sloss-Sheffield Steel & Iron Co. v. Webster* (Sup.) 62 South. 764.

Suit was brought in the justice court of "Red Bay beat," Franklin county, Ala., by the appellant, and summons was personally served on appellee, who was temporarily in the beat, but whose permanent residence was in Fayette county, Ala. A motion or plea in abatement was filed in the justice court by the appellee and renewed in the circuit court where the case was pending on appeal, to dismiss the suit on the ground that the justice court in which the suit originated was without jurisdiction, for that the appellee (as defendant) had

[Williams v. Hyde.]

been sued out of the county of his residence. The proof on the hearing of the motion, or plea, was to the effect that the appellee was, and had been for some time prior to the commencement of the suit, a resident of Fayette county, Ala., and had never lived in Franklin county, but that at the time the cause of action arose and the suit was commenced, he was a dealer in live stock, and had been in Red Bay beat in Franklin county in connection with his regular business, and that the cause of action arose out of a transaction had between him and appellant in said beat in the trade or sale of a mare. It was also made to appear that suit was originally brought by appellant against appellee in the justice of the peace court of Red Bay beat, Franklin county, and personal service had on the appellee, who was found within the beat at the time the summons was served on him by the officer.

The plea in abatement, or motion to dismiss, was based on the provisions of section 4648 of the Code. The action was in tort, and the cause of action arose in Red Bay beat in Franklin county, and suit could properly be brought in that precinct under the statute fixing the venue of actions in justice courts.—Code 1907, § 4648. The only question, then, is whether or not, if the defendant, who was a resident of another county in the state, was found in that precinct, personal service could properly be had upon him, so as to acquire jurisdiction of the person. The suit was commenced by summons before a justice of the peace having jurisdiction of the cause of action, and he had the legal right to entertain the suit and issue process on it, and if the defendant was found within the jurisdiction of the court and process served upon him by a duly authorized officer, we can see no good reason for holding that this would not be a valid service giving jurisdiction over the person.

The action is a personal one, and the territorial jurisdiction of the court as to the subject-matter, or venue is inherently determined by the nature of the action, and it acquired jurisdiction over the person by its process authoritatively issued and personally served on the defendant within the territorial jurisdiction of the court. The conclusion reached is that the suit was properly brought, and that the court erroneously allowed the plea in abatement (or granted the motion setting up these matters in abatement).

The following authorities will be found, in the analysis of the reasoning used, to support our holding and views expressed on the question presented: *Hoge v. Herzberg,* 141 Ala. 439, 37 South. 591; *Judge v. Washburn Milling Co.,* 1 Ala. App. 470, 56 South. 2; *Staples v. Steed,* 167 Ala. 241, 52 South. 646, Ann. Cas. 1912A, 480; *Woolf v. McGaugh,* 175 Ala. 299, 57 South. 754.

Reversed and remanded.